**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| NEW ENGLAND LIFE INSURANCE COMPANY and NEW ENGLAND SECURITIES CORPORATION, | : : : | |
| Claimants, | : | **CIVIL ACTION NO.:** |
| | : | |
| v. | : | |
| | : | |
| ANTHONY ALFIERI, JEFF BONIFACINO, LAURA CREAN, RICHARD HEWITT, ROBERT PORTER, DICK ROCKWELL, DAVID SAUERS, STANLEY SZCZERBA, MARILOU SZYMANSKI, KENNETH SCHLEISES, and AARON TURNER, | : : : : | |
| Respondents. | | |

**<u>MOTION FOR PRELIMINARY INJUNCTION</u>**

Movants, New England Life Insurance Company and New England Securities Corporation (collectively referenced as "Petitioners or New England Financial"), by and through their attorneys, Davis, Bucco & Ardizzi, bring this Motion for Preliminary Injunction against Respondents Anthony Alfieri, Jeff Bonifacino, Laura Crean, Richard Hewitt, Robert Porter, Richard Rockwell, David Sauers, Stanley Szczerba, Marilou Szymanski and Aaron Turner, (collectively referenced as "Respondents"), and in support thereof hereby avers as follows:

I.   **FACTS**

Petitioners file this Motion for Preliminary Injunction together with their Complaint in Equity, which Petitioners incorporate by reference as if fully set forth herein at length.  Petitioner New England Life Insurance Company is a Massachusetts corporation engaged in the business of selling insurance and insurance-related products and maintains its principal place of business at 501 Boylston Street, Boston, Massachusetts 02117.  Petitioner New England Securities Corporation is a Massachusetts corporation and is the registered broker/dealer for New England Life Insurance Company and maintains its principal place of business at 501 Boylston Street, Boston, Massachusetts 02117.

Respondents are all former agents of New England Financial's Wilmington, Delaware office.  At the beginning of their employment with New England Financial, the Respondents each signed a New England Financial Agent's Contract (hereinafter "Contract") with New England Financial.  The Respondents' Contracts provided that during their affiliation with, and for a period of two years following their termination from New England Financial, they would not attempt to divert any business within a limited geographical area or contact any policyholders owning policies for which the Defendants were the agents of record for New England Financial.

Specifically, the Respondents' Contracts stated:

> for a period of two years after termination of the Contract, the Agent shall not, directly or indirectly, contact or contract with any agent of the General Agent [of New England Financial] or policyholders of the Company owning policies for which the Agent is the agent of record for the purpose of inducing any policyholder to lapse, cancel, fail to renew or replace any policy.

The Respondents also agreed that:

> for a period of two years after termination of the Contract, the Agent shall not, directly or indirectly, contact or contract with any agent of the General Agent [of New England Financial] for the purpose of inducing such agent to solicit in the territory of the General Agent on behalf of any other insurance company or financial services organization.

The Contracts also contained a notice provision that specifically provided that the Respondents could terminate their contracts "at any time at will and without cause upon giving (30) days' notice in writing." This notice provision was not subject to change, waiver, or modification absent a writing signed by New England Financial local and upper management. Without providing the notice required in their Contracts, the Respondents, either individually and/or in concert with one another, terminated their affiliation with New England Financial. New England Financial's management has confirmed that after terminating their affiliations with New England Financial, the Respondents became employed by or affiliated with direct competitors of New England Financial

Petitioners believe and therefore aver that the Respodents, either alone or in concert with one another, have solicited, induced, and/or recruited others to terminate their affiliations with New England Financial without notice in favor of employment, in breach of their 30-day notice obligations. Petitioners believe and therefore aver that the Respondents, either alone or in concert with one another, have solicited, induced, and/or caused New England Financial's customers to replace their existing New England Financial policies with policies from direct competitors of New England Financial in violation of the terms of the Respondents' Contracts with New England Financial.

Petitioners believe and therefore aver that the Respondents have improperly removed the originals of New England Financial's confidential customer files from the New England Financial offices in violation of the terms of the Respondents' Contracts with New England Financial. Petitioners believe and therefore aver that the Respondents have improperly removed the confidential, proprietary, and non-public personally identifiable financial and other information concerning New England Financial customers from New England Financial offices in violation of the terms of the Respondents' Contracts with New England Financial.

The present and future actions of the Respondents, as set forth above and more fully in Petitioners' Complaint in Equity, caused and will continue to cause New England Financial to suffer injury and harm by causing: 1) injury to office stability; 2) present and future economic loss; 3) disclosure of proprietary and confidential New England Financial business and customer information, including trade secrets; and 4) loss of goodwill and business reputation.

## II.   APPLICABLE LAW

A Plaintiff may obtain a preliminary injunction if it establishes the following three elements: (1) a reasonable likelihood of success on the merits, (2) imminent, irreparable harm will result if an injunction is not granted and (3) the damage to Plaintiff if the injunction does not issue will exceed the damage to the Defendants if the injunction does issue. *Cantor Fitzgerald, L.P. v. Cantor*, 724 A.2d 571 (1998), citing *Mills Acquisition Co. v. Macmillan, Inc.*, Del. Supr., 559 A.2d 1261, 1279 (1989). The applicable standard on a motion for preliminary injunction falls well short of that which would be required to

secure final relief following trial, since it explicitly requires only that the record establish a reasonable probability that this greater showing will ultimately be made. Donald J. Wolfe, Jr. & Michael A. Pittenger, *Corporate and Commercial Practice in the Delaware Court of Chancery,* § 10-2(b)(2).

Plaintiffs must also establish that if the Court does not enjoin Defendants, Plaintiffs will suffer immediate, discernible harm for which there is no adequate remedy at law, and that Plaintiffs' injury is not merely speculative. USACafes v. Office, Del. Ch., C.A. No. 8186 (1985).

### III.  ANALYSIS

In this case, Petitioners have a reasonable likelihood of success on the merits. Respondents all signed the Agent Contracts at the beginning of their employment with New England Financial. Their Contracts all contained a non-compete clause and non-solicitation clause. New England Financial has documented its' policyholders being solicited by the Respondents, and canceling their New Financial policies at the direction of the Respondents. Clearly, this is in breach of their Contracts with New England Financial.

Secondly, Petitioners have suffered, and will continue to suffer, if the Respondents are not enjoined from soliciting and inducing New England Financial's policyholders to cancel, lapse or terminate their policies with New England Financial. New England Financial has suffered direct economic harm through the loss of premiums from policyholders Respondents have induced to cancel or terminate their affiliations with New England Financial. Future economic harm to Petitioners will undoubtedly

continue through the erosion of its client base at the hands of the Respondents.  Also, Respondents, upon information and belief, have wrongfully absconded with New England Financial's files, software and other confidential and proprietary information, including New England Financial's client lists.  Therefore, Respondents have direct access of New England Financial's customers and policyholders made accessible through Respondents wrongful conversion of New England Financial's property and protected information.  Clearly, New England Financial has already suffered irreparable harm and will continue to suffer if injunctive relief is not granted.

Lastly, the damage to New England Financial far outweighs any damage to Respondents if the injunction is not granted.  New England Financial expends a considerable amount of its resources developing and maintaining its client base.  Clearly, Respondents would not have had any access to New England Financial's information but for their employment with New England Financial.  Indeed, as part of their employment with New England Financial, Respondents all agreed to the non-compete and non-solicitation clauses in their respective Contracts.  Now, after Respondents terminated their affiliation with New England Financial without giving proper notice, Respondents have been actively engaged in recruiting, soliciting and/or causing New England Financial's customers to lapse their policies in order for Respondents to usurp New England Financial's most important asset, its client base.  Respondents are free to engage the marketplace and solicit business without the use of New England Financial's confidential and proprietary information.  As such, New England Financial would clearly suffer more harm if the injunction is not granted than Respondents in this case.

## IV.  CONCLUSION

WHEREFORE, Plaintiffs respectfully requests this Honorable Court to enter judgment in their favor and against Defendants by:

1.  Enforcing the non-solicitation provision of the Defendants' Contracts with New England Financial; the 30 days' notice provision of the Defendants' Contracts with New England Financial, and customer non-solicitation provision in the Contracts of the Defendants, and their agents, employees, representatives, and any persons and entities acting in concert with them or on their behalf, refrain from soliciting New England Financial's affiliated agents, managers, and employees, improperly soliciting New England Financial's policyholders, and misappropriating New England Financial's confidential and proprietary information and trade secrets;

2.  Granting Plaintiffs final judgment against all Defendants for all actual and compensatory damages, together with pre-judgment interest, including, but not limited to, reimbursement to Plaintiffs for monies paid to the Defendants after their respective improper conduct without limitation, reimbursement of all commissions paid to each from the time they breached their respective Contracts, which provide that, in the event of such breach, all "claims for compensation or benefits or any other benefit…shall be forfeited and void";

3.  Granting Plaintiffs final judgment against the Defendants for punitive damages;

4.  Order the Defendants and their agents, employees, representatives, and any persons and entities acting in concert with them or on their behalf to disclose to

Claimants the identity of any New England Financial customers whom the Defendants solicited for business or to whom they disclosed any confidential or proprietary information of Plaintiff;

     5.     Order the Defendants to return all original files and all copies of files and other New England Financial property in their possession to New England Financial;

     6.     Award Plaintiffs their reasonable costs, attorneys' fees, and other expenses, pursuant to the relevant fee-shifting provisions in the parties contracts and any other applicable statute or law; and

     7.     Grant Plaintiffs such other and further relief this Honorable Court deems just, proper, equitable and proper.

**DAVIS, BUCCO & ARDIZZI**

_____/S/_____
ROBERT ARDIZZI, ESQUIRE
PAUL A. BUCCO, ESQUIRE
TOM MCGOLDRICK, ESQUIRE
ATTORNEY FOR PLAINTIFFS

DATE:_____

Case 1:05-cv-00415-JJF    Document 2    Filed 06/21/2005    Page 9 of 10