## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NEW ENGLAND LIFE INSURANCE
COMPANY and NEW ENGLAND SECURITIES
CORPORATION,

                 Plaintiffs,

v.

ANTHONY ALFIERI, JEFF BONIFACINO, LAURA
CREAN, RICHARD HEWITT, ROBERT PORTER,
DICK ROCKWELL, DAVID SAUERS, STANLEY
SZCZERBA, MARILOU SZYMANSKI, KENNETH
SCHLEZES, and AARON TURNER,

                 Defendants.

C.A. No.  05 cv 415

---

**DEFENDANTS, ANTHONY ALFIERI, JEFF BONIFACINO, LAURA CREAN, RICHARD HEWITT, ROBERT PORTER, DICK ROCKWELL, DAVID SAUERS, STANLEY SZCZERBA, MARILOU SZYMANSKI, KENNETH SCHLEZES, and AARON TURNER, ANSWER TO COMPLAINT**

---

Defendants, ANTHONY ALFIERI, JEFF BONIFACINO, LAURA CREAN, RICHARD

HEWITT, ROBERT PORTER, DICK ROCKWELL, DAVID SAUERS, STANLEY

SZCZERBA, MARILOU SZYMANSKI, KENNETH SCHLEZES (improperly pleaded as

KENNETH SCHLEISES), and AARON TURNER, (hereinafter "Defendants"), by their

attorneys, Tressler, Soderstrom, Maloney & Priess, as and for their Answer to the plaintiffs',

NEW ENGLAND LIFE INSURANCE COMPANY and NEW ENGLAND SECURITIES

CORPORATION, Complaint, hereby answer as follows:

## COMPLAINT IN EQUITY

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph no. 1 of the Complaint and therefore deny the same.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph no. 2 of the Complaint and therefore deny the same.

3.      Defendant Anthony Alfieri admits the allegations contained in paragraph no. 3 of the Complaint.  These allegations are solely against Defendant Alfieri and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

4.      Defendant Anthony Alfieri admits the allegations contained in paragraph no. 4 of the Complaint.  These allegations are solely against Defendant Alfieri and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

5.      Defendant Jeff Bonifacino admits the allegations contained in paragraph no. 5 of the Complaint.  These allegations are solely against Defendant Bonifacino and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

6.      Defendant Jeff Bonifacino admits the allegations contained in paragraph no. 6 of the Complaint.  These allegations are solely against Defendant Bonifacino and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

7.      Defendant Laura Crean admits the allegations contained in paragraph no. 7 of the Complaint.  These allegations are solely against Defendant Crean and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

8.    Defendant Laura Crean admits the allegations contained in paragraph no. 8 of the Complaint. These allegations are solely against Defendant Crean and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

9.    Defendant Richard Hewitt admits the allegations contained in paragraph no. 9 of the Complaint. These allegations are solely against Defendant Hewitt and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

10.    Defendant Richard Hewitt admits the allegations contained in paragraph no. 10 of the Complaint. These allegations are solely against Defendant Hewitt and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

11.    Defendant Robert Porter admits the allegations contained in paragraph no. 11 of the Complaint. These allegations are solely against Defendant Porter and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

12.    Defendant Robert Porter admits the allegations contained in paragraph no. 12 of the Complaint. These allegations are solely against Defendant Porter and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

13.    Defendant Richard Rockwell admits the allegations contained in paragraph no. 13 of the Complaint. These allegations are solely against Defendant Rockwell and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

14.    Defendant Richard Rockwell admits the allegations contained in paragraph no. 14 of the Complaint. These allegations are solely against Defendant Rockwell and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

15.     Defendant David Sauers admits the allegations contained in paragraph no. 15 of the Complaint. These allegations are solely against Defendant Sauers and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

16.     Defendant David Sauers admits the allegations contained in paragraph no. 16 of the Complaint. These allegations are solely against Defendant Sauers and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

17.     Defendant Kenneth Schlezes admits the allegations contained in paragraph no. 17 of the Complaint. These allegations are solely against Defendant Schlezes and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

18.     Defendant Kenneth Schlezes admits the allegations contained in paragraph no. 18 of the Complaint. These allegations are solely against Defendant Schlezes and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

19.     Defendant Stanley Szczerba admits the allegations contained in paragraph no. 19 of the Complaint. These allegations are solely against Defendant Szczerba and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

20.     Defendant Stanley Szczerba admits the allegations contained in paragraph no. 20 of the Complaint. These allegations are solely against Defendant Szczerba and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

21.     Defendant Marilou Szymanski admits the allegations contained in paragraph no. 21 of the Complaint. These allegations are solely against Defendant Szymanski and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

22. Defendant Marilou Szymanski admits the allegations contained in paragraph no. 22 of the Complaint. These allegations are solely against Defendant Szymankski and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

23. Defendant Aaron Turner admits the allegations contained in paragraph no. 23 of the Complaint. These allegations are solely against Defendant Turner and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

24. Defendant Aaron Turner admits the allegations contained in paragraph no. 24 of the Complaint. These allegations are solely against Defendant Turner and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

## JURISDICTION AND VENUE

25. Defendants admit the allegations contained in paragraph no. 25 of the Complaint.

26. Defendants admit the allegations contained in paragraph no. 26 of the Complaint.

## BACKGROUND

27. Defendants repeat, reiterate and reallege each and every answer to each and every allegation contained in paragraph nos. 1 through 26 of the plaintiffs' complaint with the same force and effect as if same were set forth in full at this point.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph no. 28 of the Complaint and therefore deny the same.

29. Defendants deny the allegations contained in paragraph no. 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph no. 30 of the Complaint.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph no. 31 of the Complaint and therefore deny the same.

32.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph no. 32 of the Complaint and therefore deny the same.

33.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph no. 33 of the Complaint and therefore deny the same.

34.    Defendant Anthony Alfieri admits the allegations contained in paragraph no. 34 of the Complaint. These allegations are solely against Defendant Alfieri and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

35.    Defendant Anthony Alfieri admits that he signed an edition of a standard New England Agent's Contract, but denies that such signing was a condition of or in consideration for, *inter alia,* his employment and training. These allegations are solely against Defendant Alfieri and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

36.    Defendant Jeff Bonifacino admits the allegations contained in paragraph no. 36 of the Complaint. These allegations are solely against Defendant Bonifacino and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

37.    Defendant Jeff Bonifacino admits that he signed an edition of a standard New England Agent's Contract, but denies that such signing was a condition of or in consideration for, *inter alia,* his employment and training. These allegations are solely against Defendant Bonifacino and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

38.    Defendant Laura Crean admits the allegations contained in paragraph no. 38 of the Complaint. These allegations are solely against Defendant Crean and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

39.    Defendant Laura Crean admits that she signed an edition of a standard New England Agent's Contract, but denies that such signing was a condition of or in consideration for, *inter alia,* her employment and training. These allegations are solely against Defendant Crean and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

40.    Defendant Richard Hewitt admits the allegations contained in paragraph no. 40 of the Complaint. These allegations are solely against Defendant Hewitt and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

41.    Defendant Richard Hewitt admits that he signed an edition of a standard New England Agent's Contract, but denies that such signing was a condition of or in consideration for, *inter alia,* his employment and training. These allegations are solely against Defendant Hewitt and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

42.    Defendant Robert Porter admits the allegations contained in paragraph no. 42 of the Complaint. These allegations are solely against Defendant Porter and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

43.    Defendant Robert Porter admits that he signed an edition of a standard New England Agent's Contract, but denies that such signing was a condition of or in consideration for, *inter alia,* his employment and training. These allegations are solely against Defendant

Porter and therefore the remaining Defendants, being without sufficient knowledge or
information, deny the same.

44.    Defendant Richard Rockwell admits the allegations contained in paragraph no. 44
of the Complaint. These allegations are solely against Defendant Rockwell and therefore the
remaining Defendants, being without sufficient knowledge or information, deny the same.

45.    Defendant Richard Rockwell admits that he signed an edition of a standard New
England Agent's Contract, but denies that such signing was a condition of or in consideration
for, *inter alia,* his employment and training. These allegations are solely against Defendant
Rockwell and therefore the remaining Defendants, being without sufficient knowledge or
information, deny the same.

46.    Defendant David Sauers admits the allegations contained in paragraph no. 46 of
the Complaint. These allegations are solely against Defendant Sauers and therefore the
remaining Defendants, being without sufficient knowledge or information, deny the same.

47.    Defendant David Sauers admits that he signed an edition of a standard New
England Agent's Contract, but denies that such signing was a condition of or in consideration
for, *inter alia,* his employment and training. These allegations are solely against Defendant
Sauers and therefore the remaining Defendants, being without sufficient knowledge or
information, deny the same.

48.    Defendant Stanley Szczerba admits the allegations contained in paragraph no. 48
of the Complaint. These allegations are solely against Defendant Szczerba and therefore the
remaining Defendants, being without sufficient knowledge or information, deny the same.

49.    Defendant Stanley Szczerba admits that he signed an edition of a standard New
England Agent's Contract, but denies that such signing was a condition of or in consideration

for, *inter alia,* his employment and training. These allegations are solely against Defendant Szczerba and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

50.    Defendant Marilou Szymanski admits the allegations contained in paragraph no. 50 of the Complaint. These allegations are solely against Defendant Szymanski and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

51.    Defendant Marilou Szymansk admits that she signed an edition of a standard New England Agent's Contract, but denies that such signing was a condition of or in consideration for, *inter alia,* her employment and training. These allegations are solely against Defendant Szymanski and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

52.    Defendant Kenneth Schlezes denies the allegations contained in paragraph no. 52 of the Complaint. These allegations are solely against Defendant Schlezes and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

53.    Defendant Kenneth Schlezes denies the allegations contained in paragraph 53 of the Complaint. These allegations are solely against Defendant Schlezes and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

54.    Defendant Aaron Turner admits the allegations contained in paragraph no. 54 of the Complaint. These allegations are solely against Defendant Turner and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

55.    Defendant Aaron Turner admits that he signed a version of the standard New England Agent's Contract, but denies that such signing was a condition of or in consideration for, *inter alia,* his employment and training. These allegations are solely against Defendant

Turner and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

     56.     Defendants deny the allegations contained in paragraph no. 56 of the Complaint.

     57.     Defendants deny the allegations contained in paragraph no. 57 of the Complaint.

     58.     Defendants deny the allegations contained in paragraph no. 58 of the Complaint.

     59.     Defendants deny the allegations contained in paragraph no. 59 of the Complaint.

     60.     Defendants deny the allegations contained in paragraph no. 60 of the Complaint.

     61.     Defendants admit that several editions of the New England Agent's Contract contained a 30-day notice provision but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph no. 61 of the Complaint and therefore deny the same.

     62.     Defendants deny those allegations contained in paragraph no. 62 of the Complaint regarding training but admit that they represented themselves as agents of New England.

     63.     Defendant Anthony Alfieri denies the allegations contained in paragraph no. 63 of the Complaint. These allegations are solely against Defendant Alfieri and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

     64.     Defendant Jeff Bonifacino denies the allegations contained in paragraph no. 64 of the Complaint. These allegations are solely against Defendant Bonifacino and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

     65.     Defendant Laura Crean denies the allegations contained in paragraph no. 65 of the Complaint. These allegations are solely against Defendant Crean and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

66.     Defendant Richard Hewitt denies the allegations contained in paragraph no. 66 of the Complaint. These allegations are solely against Defendant Hewitt and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

67.     Defendant Robert Porter denies the allegations contained in paragraph no. 67 of the Complaint. These allegations are solely against Defendant Porter and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

68.     Defendant Richard Rockwell denies the allegations contained in paragraph no. 68 of the Complaint. These allegations are solely against Defendant Rockwell and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

69.     Defendant David Sauers denies the allegations contained in paragraph no. 69 of the Complaint. These allegations are solely against Defendant Sauers and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

70.     Defendant Stanley Szczerba denies the allegations contained in paragraph no. 70 of the Complaint. These allegations are solely against Defendant Szczerba and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

71.     Defendant Marilou Szymanski denies the allegations contained in paragraph no. 71 of the Complaint. These allegations are solely against Defendant Szymanski and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

72.     Defendant Kenneth Schlezes denies the allegations contained in paragraph no. 72 of the Complaint. These allegations are solely against Defendant Schlezes and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

73.     Defendant Aaron Turner denies the allegations contained in paragraph no. 73 of the Complaint. These allegations are solely against Defendant Turner and therefore the remaining Defendants, being without sufficient knowledge or information, deny the same.

74.     Defendants admit that they had direct contact with clients, who happened to be New England policyholders, and had independent discretion, but deny the remaining allegations contained in paragraph no. 74 of the Complaint.

75.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph no. 75 of the Complaint and therefore deny the same.

76.     Defendants deny the allegations contained in paragraph no. 76 of the Complaint.

77.     Defendants deny the allegations contained in paragraph no. 77 of the Complaint.

78.     Defendants deny the allegations contained in paragraph no. 78 of the Complaint.

79.     Defendants deny the allegations contained in paragraph no. 79 of the Complaint.

80.     Defendants deny the allegations contained in paragraph no. 80 of the Complaint.

81.     Defendants deny the allegations contained in paragraph no. 81 of the Complaint.

82.     Defendants deny the allegations contained in paragraph no. 82 of the Complaint.

83.     Defendants deny the allegations contained in paragraph no. 83 of the Complaint.

84.     Defendants deny the allegations contained in paragraph no. 84 of the Complaint.

85.     Defendants deny the allegations contained in paragraph no. 85 of the Complaint.

86.     Defendants deny the allegations contained in paragraph no. 86 of the Complaint.

87.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph no. 87 of the Complaint and therefore deny the same.

88.    Defendants deny the allegations contained in paragraph no. 88 of the Complaint.

## FIRST COUNT

89.    Defendants repeat, reiterate and reallege each and every answer to each and every allegation contained in paragraph nos. 1 through 88 of the plaintiffs' complaint with the same force and effect as if same were set forth in full at this point.

90.    Defendants deny the allegations contained in paragraph no. 90 of the Complaint.

91.    Defendants admit the allegations contained in paragraph no. 91 of the Complaint.

92.    Defendants deny the allegations contained in paragraph no. 92 of the Complaint.

93.    Defendants deny the allegations contained in paragraph no. 93 of the Complaint.

94.    Defendants deny the allegations contained in paragraph no. 94 of the Complaint.

## SECOND COUNT

95.    Defendants repeat, reiterate and reallege each and every answer to each and every allegation contained in paragraph nos. 1 through 94 of the plaintiffs' complaint with the same force and effect as if same were set forth in full at this point.

96.    Defendants deny the allegations contained in paragraph no. 96 of the Complaint.

97.    Defendants deny the allegations contained in paragraph no. 97 of the Complaint.

98.    Defendants deny the allegations contained in paragraph no. 98 of the Complaint.

99.    Defendants deny the allegations contained in paragraph no. 99 of the Complaint.

100.    Defendants deny the allegations contained in paragraph no. 100 of the Complaint.

## THIRD COUNT

101.    Defendants repeat, reiterate and reallege each and every answer to each and every allegation contained in paragraph nos. 1 through 100 of the plaintiffs' complaint with the same force and effect as if same were set forth in full at this point.

102.    Defendants deny the allegations contained in paragraph no. 102 of the Complaint.

103.    Defendants deny the allegations contained in paragraph no. 103 of the Complaint.

104.    Defendants deny the allegations contained in paragraph no. 104 of the Complaint.

105.    Defendants deny the allegations contained in paragraph no. 105 of the Complaint.

FOURTH COUNT

106.    Defendants repeat, reiterate and reallege each and every answer to each and every allegation contained in paragraph nos. 1 through 105 of the plaintiffs' complaint with the same force and effect as if same were set forth in full at this point.

107.    Defendants deny the allegations contained in paragraph no. 107 of the Complaint.

108.    Defendants deny the allegations contained in paragraph no. 108 of the Complaint.

109.    Defendants deny the allegations contained in paragraph no. 109 of the Complaint.

FIFTH COUNT

110.    Defendants repeat, reiterate and reallege each and every answer to each and every allegation contained in paragraph nos. 1 through 109 of the plaintiffs' complaint with the same force and effect as if same were set forth in full at this point.

111.    Defendants deny the allegations contained in paragraph no. 111 of the Complaint.

112.    Defendants deny the allegations contained in paragraph no. 112 of the Complaint.

113.    Defendants deny the allegations contained in paragraph no. 113 of the Complaint.

AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    The Complaint is barred by the doctrine of waiver.

3.    The Complaint is barred by the doctrine of estoppel.

4.    The Complaint is barred by the doctrine of unclean hands.

5.    The Complaint is barred by the doctrine of laches.

6.      The Complaint should be dismissed because Plaintiffs have failed to mitigate their damages.

Defendants reserve their right to amend or supplement this answer with additional defenses if new information is ascertained regarding the underlying cause of action or the instant action.

WHEREFORE, defendants hereby demand judgment as follows:

1.      Dismissing Plaintiffs' Complaint in its entirety;

2.      Granting defendants their costs, fees and disbursements in this action, including but not limited to reasonable attorneys' fees; and

3.      Granting defendants such other and further relief as this court may deem just, proper and equitable.

Dated: July 12, 2005                    MARON & MARVEL, P.A.

                                        By: /S/ Wayne A. Marvel
                                            WAYNE A. MARVEL, (#1073)
                                            1300 North Broom Street
                                            Wilmington, DE  19806
                                            Tele: (302) 425-5177
                                            Fax:  (302) 425-0180
                                            Attorney for Defendants

Daniel R. Formeller
Mark Robert Vespole
Katherine L Haennicke
Tressler, Soderstrom, Maloney & Priess
Attorneys for Defendants
744 Broad Street
Suite 1510
Newark, NJ  07102
(973) 848-2900
(973) 623-0405 (fax)

Newark-#13915-v1