UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEW ENGLAND LIFE INSURANCE COMPANY and NEW ENGLAND SECURITIES CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHONY ALFIERI, JEFF BONIFACINO, LAURA CREAN, RICHARD HEWITT, ROBERT PORTER, DICK ROCKWELL, DAVID SAUERS, STANLEY SZCZERBA, MARILOU SZYMANSKI, KENNETH SCHLEZES, and AARON TURNER,<br><br>Defendants. | C.A. No.  05 cv 415 |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' PETITION TO ENJOIN

Defendants, Anthony Alfieri, Jeff Bonifacino, Laura Crean, Richard Hewitt, Robert Porter, Dick Rockwell, David Sauers, Stanley Szczerba, Marilou Szymanski, Kenneth Schlezes and Aaron Turner, (hereinafter collectively referred to as Defendants"), by and through their attorneys, and in response to the Plaintiffs' Petition to Enjoin, hereby state as follows:

### INTRODUCTION

New England Life Insurance Company is a corporation engaged in the business of selling insurance and insurance related products.  New England Life is licensed to do business and does conduct business in Delaware.  New England Securities Corporation is a broker-dealer and member of the National Association of Securities Dealers ("NASD").  New England Securities is licensed to do business and does conduct business in Delaware.  New England Life Insurance Company and New England Securities

1

Corporation conduct business and operate under the name "New England Financial." (collectively referred to as "New England Financial").

New England Financial sells life insurance and investment products through agents who are located at various agency offices throughout Delaware. New England Financial contracts with individual sales agents, to sell its products and services.

New England Financial has filed a Petition to Enjoin Defendants and Enforce the Court's Order of July 25, 2005. This Petition has not only major factual and procedural flaws, but also fails to comply with local rules and is not supported by the law.

## ARGUMENT

When filing a non-dispositive motion, counsel must attempt to reach an agreement with opposing counsel regarding the matters set forth in the motion, and must include a statement in the motion to that effect. Fed. Rules Civ. Pro. Local Rule 7.1.1. Counsel has not stated anywhere in the Petition that he has contacted counsel for the Defendants to discuss the matters, let alone try to reach an agreement. In fact, Counsel for New England Financial has not attempted to resolve this matter with the Defendants. As a result of not including a statement stating the he has made such effort or extending any effort to resolve the matters, the Petition to Enjoin must not be entertained. "Unless otherwise ordered, the Court will not entertain any non-dispositive motion..."). Id.

Aside from this technical flaw, New England Financial's petition must fail on the merits. The Consent Order states in pertinent part, as follows:

> Commencing on the date of this Order and continuing until two years from the dates the defendants terminated their respective relationships with plaintiffs, the defendants shall not, directly or indirectly, contact the policyholders of the plaintiffs who own policies for which the defendants are the agent of record, for the purpose of inducing any such policyholders to lapse, cancel, fail to renew or replace any policy.

See July 25, 2005 Consent Order, Paragraph 1. The Plaintiffs must prove on this application that: 1) defendant contacted a New England Financial policyholder; 2) defendant is the agent of record for that policy and 3) defendant sought to induce the policyholder to lapse, cancel, fail to renew or replace a New England policy.

Plaintiffs' Petition is deficient in its allegations. Plaintiffs do not even allege any facts to support the proposition that Defendant Szczerba is the agent of record whatever policies that he is allegedly trying to have canceled, replaced, etc. Apart from this obvious deficiency in the required elements of proof, New England Financial merely states legal conclusions based on hearsay. The Petition states that the policyholder, Steve Padalak, called "to complain that he has been contacted several times by Defendant Stanley Szcerba for the purpose of inducing Mr. Padalak to lapse, cancel, replace or and fail to renew his New England policy..." (See Petition, page 2). This allegation is a mere legal conclusion and states no facts to support the position, such as when the call occurred, who participated, and what was actually said. Instead, Mr. Padalak, purportedly speaking in legal terms, complained that Szczerba called him to induce him to lapse, cancel, replace "or and" fail to renew his New England policy. Additionally, New England Financial does not include an affidavit from Mr. Padalak that contains any facts regarding the alleged conversation to sustain and support the legal conclusions.

In addition to the lack of facts to support the allegations and legal conclusions, the Petition is fraught with hearsay. Ms. Rita Thomas, an employee of the Plaintiffs, apparently stated that she received a call from Mr. Padalak regarding his complaints. Ms. Thomas' statements are being offered for the truth of the matter asserted. New England Financial is attempting to lull this Court into believing the statements from Ms. Thomas

in which she is merely repeating alleged statements from another party. Thomas' alleged statements regarding what another individual said regarding what Defendant Szczerba said is hearsay at least twice removed from any conversations between Mr. Szczerba and the Padalaks. Thomas' statements cannot be considered since New England Financial is trying to convince the Court that Defendant Szczerba did attempt to induce the Padalaks based on statements from an individual who did not even have a conversation with Defendant Szczerba. Since her statements cannot be considered, New England Financial's Petition, having no other alleged evidence, must be denied.

Additionally, the Petition to Enjoin seeks rights well beyond that to which New England Financial would be entitled had any of the Defendants violated the Consent Order. New England Financial is asking for Defendant Szczerb to be enjoined from talking to any customers of the Plaintiffs, which is far beyond the scope of the Consent Order. Additionally, New England Financial would like this Court to believe that the Defendants are not to talk to any policyholders until further order of the Court, but this is a blatant mistake. The Order clearly dictates that the Defendants are only enjoined from contacting policyholders for whom they are agents of record for two years after the agent's termination date, not until further Order of the Court. Lastly, New England Financial is seeking to enjoin all Defendants from contacting any of its customers, which is not what the Consent Order states, which again, New England mistakenly says otherwise. The Consent Order only prohibits policyholder contact made for the purpose of replacing a New England policy, a scenario which New England has not even established, and which Mr. Szczerba has expressly denied, in any event. Moreover, New England Financial is seeking a broad expansion of the Consent Order without properly

4

filing a motion with supporting facts and a proper hearing. Essentially New England Financial is attempting to obtain the original Preliminary Injunction it sought before, but could not support or prove. Their proof problems still persist.

The attached affidavit from Defendant Szczerba. Defendant Szczerba unambiguously denies the allegations and legal conclusions contained in New England Financial's Petition to Enjoin. At no time did Defendant Szczerba call the Padalaks to discuss lapsing, canceling, replacing or not renewing any New England policy. (See Exhibit A, affidavit, attached hereto). The conversations he had with the Padalaks were limited solely to additional insurance needs they may have. Id.

Clearly New England Financial is grasping at straws. First, they do not even meet the requirements of the local rules, thus their motion fails on technical grounds. Second, the petition contains mere legal conclusions rather than any factual statements to support its allegations. Third, any "evidence" New England Financial is attempting to use is rather hearsay at least twice removed and is not supported by any affidavits or supporting documentation. Fourth, New England is being greedy in asking for far more relief than that to which it would be entitled. Lastly, Exhibit A, attached affidavit from Defendant Szczerba clearly shows that Defendant Szczerba did not contact the Padalaks with any intention of inducing them to lapse, cancel, replace, or fail to renew any New England policy.

WHEREFORE, Defendants request that the Court deny Plaintiffs' Petition to Enjoin and for any other relief it deems just and appropriate, including attorneys fees and costs.

Respectfully submitted,

ANTHONY ALFIERI, JEFF BONIFACINO, LAURA CREAN, RICHARD HEWITT, ROBERT PORTER, DICK ROCKWELL, DAVID SAUERS, STANLEY SZCZERBA, MARILOU SZYMANSKI, KENNETH SCHLEZES, and AARON TURNER

By  /s/ *Wayne A. Marvel*
    Wayne A. Marvel, Esquire
    Bar I.D. No. 1073
    1300 North Broom Street
    Wilmington, DE  19806
    Tele: (302) 425-5177
    Fax:  (302) 425-0180
    wmarvel@maronmarvel.com

Attorney for Defendants

Dated:  October 5, 2005

368937