**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| NEW ENGLAND LIFE INSURANCE COMPANY and NEW ENGLAND SECURITIES CORPORATION, | : : : | |
| Plaintiffs, | : | **Civil Action No.: 05-CV-415** |
| | : | |
| v. | : | |
| | : | |
| ANTHONY ALFIERI, JEFF BONIFACINO, LAURA CREAN, RICHARD HEWITT, ROBERT PORTER, DICK ROCKWELL, DAVID SAUERS, STANLEY SZCZERBA, MARILOU SZYMANSKI, KENNETH SCHLEISES, and AARON TURNER, | : : : : | |
| Defendants. | | |

**<u>PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO
PLAINTIFFS' PETITION TO ENJOIN</u>**

Plaintiffs, New England Life Insurance Company and New England Securities Corporation (collectively referred to as "Plaintiffs"), by and through their attorneys, hereby file this Reply to Defendants' Response to Plaintiffs' Petition to Enjoin, and in support thereof aver the following:

**I.      BACKGROUND**

On or about September 13, 2005, Rita Thomas, an agent of the Plaintiffs, received a phone call from an existing policyholder, Diane Padalak, regarding a phone call she received from Defendant Stanley Szczerba ("Szczerba"). According to Mrs. Padalak, the purpose of the phone call was to induce her and her husband, Steve Padalak, to purchase or replace their existing New England long-term disability policy with a policy from

Penn Mutual. An Affidavit by Rita Thomas concerning the contents of her phone conversation with Mrs. Padalak is attached hereto and made a part hereof as Exhibit "A." The last contact Szczerba had with the Padalaks was on September 9, 2005, well after the Consent Order issued by this Court went into effect.

Upon learning of Szczerba's contact with Diane Padalak, Plaintiffs' filed a Petition to Enjoin Defendants and Enforce this Court's July 25, 2005 Consent Order. In response thereto, Defendants filed their response in opposition to Plaintiffs' Petition.

## II.   ARGUMENT

### A.   According to the terms of the Consent Order, Plaintiffs were entitled to immediately petition this Court for an injunction on an emergency basis notwithstanding Local Rule 7.1.1.

Pursuant to the Consent Order, the parties agreed that Plaintiffs were entitled to petition this Court for an emergency hearing in the event of a breach of any of the conditions and terms set forth therein. Based upon information provided by Mrs. Padalak, Mr. Szczerba tried to solicit Mrs. Padalak into purchasing a long-term disability policy, even though the Padalaks' already have an existing policy with New England. Furthermore, Szczerba was the Padalaks' agent of record while he was affiliated with New England. Therefore, Szczerba violated the Consent Order by contacting the Padalaks for the purposes of solicitation.

Counsel for Defendants argue in their response that Plaintiffs' Petition to Enjoin is a non-dispositive motion, therefore is subject to Fed. Rules Civ. Pro. Local Rule 7.1.1. Rule 7.1.1 states:

Rule 7.1.1 Statement Required to be Filed with Non-Dispositive Motions

Unless otherwise ordered, the Court will not entertain any non-dispositive motions, except those motions brought by a person appearing pro se and those brought pursuant to Fed. R. Civ. P. 26(c) by a person who is not a party, unless counsel for the moving party files with the Court, at the time of filing the motion, a statement showing that the attorney making the motion has made a reasonable effort to reach agreement with the opposing attorneys on the matters set forth in the motion.

In this case, the parties agreed through the Consent Order that the Plaintiffs could proceed with a petition on an "emergency basis" in the event of a breach. Paragraph 4 of the Consent Order states:

This Order shall stay in effect, if necessary until this entire case is resolved, but under no circumstances shall this Order remain in effect after the dates set forth in Exhibit "A." In the event of a breach of this Order, plaintiffs shall have the right to petition the court for an injunction and/or temporary restraining order on an emergency basis, with notice to the undersigned counsel for defendants, with a hearing to be scheduled by the Court at any time after August 22, 2005.

Moreover, the Consent Order clearly provides for "notice to the undersigned counsel for defendants" at the time the petition is filed. Nowhere is there a condition that the Plaintiffs are required to postpone an emergency petition to attempt to reach an agreement with the defendants. Despite having agreed to the terms of the Consent Order, the defendants now object and claim that the Plaintiffs were obligated to notify them before proceeding with the instant petition. That argument is contradicted by the clear terms of the Consent Order in place in this case and their argument should be rejected in its entirety.

      **B.**      **The presence of potential hearsay statements is not a basis to dismiss a petition for injunctive relief**
.

The Defendants argue that the instant petition should be denied because it "is fraught with hearsay". According to the Defendants, a petition cannot be based upon allegations supported by hearsay statements.

The defendants' position is flawed for several reasons. First, they do not cite any authority for the concept that the allegations in a pleading must be based on wholly admissible evidence. Second, enforcement of the Consent Order by its very nature is dependant upon hearsay. A breach of the Consent Order naturally involves some type of solicitation by the Defendants to third parties. Unless the Defendants are willing to voluntarily come before the Court and admit that such solicitations took place, any proof that the Plaintiffs put before the Court will have to involve hearsay statements by other parties concerning the nature of the solicitations. Finally, the Defendants' argument that the statements by Ms. Thomas are double hearsay ignores the fact that the Plaintiffs intend to call Ms. Padalak as a witness at the hearing scheduled for October 26 to testify regarding the conversations she had with Mr. Szczerba..

Plaintiffs filed the Petition to Enjoin in order to schedule a hearing before this Court, which the Consent Order clearly allows Plaintiffs to do in the event the Order is breached. Plaintiffs intend to show that Szczerba was the agent of record of the Padalak's policies while he was an agent for the Plaintiffs, and that Szczerba contacted Ms. Padalak for the purpose of offering, selling and/or soliciting the Padalaks into purchasing a long-term disability policy from him, even though the Padalaks had an existing long-term disability policy with Plaintiffs. As such, Szczerba violated the Consent Order.

## III.    CONCLUSION

Based upon the foregoing, Plaintiffs respectfully request this Honorable Court to enforce the Consent Order and grant Plaintiffs' Petition to Enjoin in accordance with the proposed Order attached to the Plaintiffs' petition..

/s/ Robert D. Ardizzi
ROBERT ARDIZZI, ESQUIRE
Davis, Bucco & Ardizzi
2 N. Colonial Avenue
Elsmere, DE 19805
(3020) 345-9808

Date: October 13, 2005