IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NEW ENGLAND LIFE INSURANCE COMPANY and NEW ENGLAND SECURITIES CORPORATION, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.: 05-CV-0415 |
| | : | |
| v. | : | |
| | : | |
| ANTHONY ALFIERI, JEFF BONIFACINO, LAURA CREAN, RICHARD HEWITT, ROBERT PORTER, DICK ROCKWELL, DAVID SAUERS, STANLEY SZCZERBA, MARILOU SZYMANSKI, KENNETH SCHLEISES, and AARON TURNER, | : | |
| Defendants. | | |

**PLAINTIFFS' PETITION FOR PRELIMINARY INJUNCTION**

Plaintiffs' hereby move this Honorable Court for a preliminary injunction enjoining the Defendants, and specifically Richard Hewitt, from improperly soliciting the existing clients of the Plaintiffs. In support of this petition, Plaintiffs aver the following:

1. On or about June 21, 2005, the Plaintiffs filed a Motion for Preliminary Injunction and Complaint in Equity with this Court seeking to enforce certain restrictive covenants relating to solicitation of clients as contained in the Defendants' written agreements with the Plaintiffs.

2. Following an in-court conference, the parties reached an agreement regarding certain of the issues raised in the Petition for Preliminary Injunction. This agreement was memorialized in a Consent Order, a copy of which is attached hereto as

Exhibit "A" and made a part hereof.

    3.    Paragraph 1 of the Consent Order states:

> Commencing on the date of his Order and continuing until two years from the dates the defendants terminated their respective relationships with plaintiffs, the defendants shall not, directly or indirectly, contact the policyholders of the plaintiffs who own policyholders of the plaintiffs for which the defendants are the agent of record, for the purpose of inducing any such policyholders to lapse, cancel, fail to renew of replace any policy.

    4.    The Consent Order further provided:

> Nothing contained in this Order shall alter, modify or change any of the parties' rights and obligations under the defendants' respective Agent Contracts with plaintiffs.

    5.    With regard to the issue of solicitation, the Agent Contracts stated:

> For a period of two years after termination of the Contract, the Agent shall not, directly or indirectly, contact or contract with any agent of the General Agent [of New England Financial] or policyholders of the Company owning policies for which the Agent is the agent of record for the purpose of inducing any policyholder to lapse, cancel, fail to renew or replace any policy.

    6.    On or about October 13, 2005, James Veit, an employee for Creative Financial Group, a broker for the Plaintiffs, met with Helen Jean Hewitt and Arthur Hewitt to discuss their existing insurance policies and investments with the Plaintiffs. Affidavit of James Veit, ¶2.

    7.    During this meeting, The Hewitts mentioned that they had been contacted by Defendant Richard Hewitt about replacing their New England insurance policies and investments with products from Richard Hewitt's present company. Affidavit of James Veit, ¶3.

8. The solicitation was initiated by Richard Hewitt and according to the customers, it occurred approximately 30 to 60 days prior to the October 13, 2005 meeting. Affidavit of James Veit, ¶4.

9. By soliciting Plaintiffs' existing customers, Richard Hewitt violated both the Agent Contract and the Consent Order entered in this case.

10. Pursuant to the terms of the Agent Contract and the Consent Order, Plaintiffs are entitled to seek immediate injunctive relief from this Court to enjoin the Defendants from any further violations.

WHEREFORE, Plaintiffs, New England Life Insurance Company and New England Securities Corporation, respectfully request this Honorable Court to enter an Order:

1. Enjoining Defendant Richard Hewitt from any further contact with Helen Jean Hewitt and Arthur Hewitt or any other existing clients of the Plaintiffs in accordance with the terms of his Agent Contract and the Consent Order; and

2. Scheduling a hearing with the Court to address the allegations that Defendant Richard Hewitt violated this Court's Consent Order by soliciting existing clients of Plaintiffs to lapse, cancel, and fail to renew or replace their New England policies; and

4. Ordering Defendant Richard Hewitt to pay Plaintiffs' attorney's fees associated with the enforcement of the Consent Order including the filing of this Petition and attending at the hearing on this matter; and

5. Entering other such sanctions as this Honorable Court deems just and proper.

                                         **DAVIS, BUCCO & ARDIZZI**

                                        /s/ Robert D. Ardizzi, Esquire  
                                        ROBERT ARDIZZI, ESQUIRE  
                                        Davis, Bucco & Ardizzi  
                                        2 N. Colonial Avenue  
                                        Elsmere, DE 19805

Date:  October 21, 2005