

**TRESSLER, SODERSTROM, MALONEY & PRIESS**
ATTORNEYS AT LAW

Sears Tower, 22nd Floor
233 S. Wacker Drive
Chicago, Illinois 60606-6399
312/627-4000
Fax 312/627-1717
www.tsmp.com

Katherine Haennicke
312-627-4131
khaennicke@tsmp.com

October 24, 2005

**VIA FACSIMILE**
The Honorable Joseph J. Farnan, Jr.
J. Caleb Bogg Federal Building
844 N. King Street
Room 2124
Wilmington, DE 19801

    Re:    New England Life Insurance Company, et al. v. Anthony Alfieri, et al.
    Case No:    05-CV-0415
    Our File:    4763-2

Dear Judge Farnan:

We have received Plaintiffs' Petition for Preliminary Injunction against Defendant Richard Hewitt and accompanying documentation. We would first like to address Plaintiffs' contention that "the parties are agreeable to postponing the October 26 hearing and rescheduling both matters for another day at the Court's earliest convenience." (See Plaintiffs' October 21, 2005 letter). Counsel for the Plaintiffs did contact counsel for the Defendants regarding this matter, but counsel for the Defendants did not agree to postpone the hearing. Rather, he stated he need to review the papers once he received them and that he would need to discuss the matter and postponement with his client. After receiving the papers on the afternoon of October 21, 2005 and consulting with our clients regarding the matter, it was then decided that Defendants did not want to combine the matters regarding different policyholders and different agents. In fact, Defendants would prefer to keep the October 26, 2005 hearing as it relates to Stanley Szczerba and schedule another hearing for the Hewitt matter for the reasons outlined below.

In Plaintiffs' October 21, 2005, they admit that the matters in the Szczerba matter and Hewitt matter are factually distinct. The Petition to Enjoin is a factual based hearing, requiring evidence and witnesses on both sides. For instance, in the Szczerba matter, four witnesses are expected to testify. In the Hewitt matter, we anticipate that another four, or perhaps more, completely different witnesses may need testify. Rather than force all the matters into one day, Defendants suggest that the matters be separate hearings in order to accommodate the Court's busy schedule as well as ease the burden of a long hearing day on witnesses. The matters are rather distinct as

the policyholders' alleged conversations with the former agents are wholly separate and do not share any commonalities. To have separate hearings would be an efficient use of the Court's and parties' time.

Additionally, Defendants respectfully request that they be allowed to respond to the Hewitt Petition to Enjoin in writing. Defendants request that they be allowed to file a response on or before October 31, 2005.

Consequently, Defendants request that the Court keep the October 26, 2005 hearing date as it relates to Stanley Szczerba and set another hearing date for matters relating to Richard Hewitt for sometime after November 16, 2005 to accommodate counsels' schedules as well as those of the witnesses.

Thank you for your time. Please advise us as soon as possible so that we may be prepared for this Wednesday's hearing.

Respectfully,

Katherine Haennicke

Cc: Robert Ardizzi and Paul Bucco (via facsimile)

#370158