UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEW ENGLAND LIFE INSURANCE COMPANY and NEW ENGLAND SECURITIES CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHONY ALFIERI, JEFF BONIFACINO, LAURA CREAN, RICHARD HEWITT, ROBERT PORTER, DICK ROCKWELL, DAVID SAUERS, STANLEY SZCZERBA, MARILOU SZYMANSKI, KENNETH SCHLEZES, and AARON TURNER,<br><br>Defendants. | C.A. No. 05 cv 415 |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' THIRD PETITION TO ENJOIN

Defendants, Anthony Alfieri, Jeff Bonifacino, Laura Crean, Richard Hewitt, Robert Porter, Dick Rockwell, David Sauers, Stanley Szczerba, Marilou Szymanski, Kenneth Schlezes and Aaron Turner, (hereinafter collectively referred to as Defendants"), by and through their attorneys, and in response to the Plaintiffs' Third Petition to Enjoin, hereby state as follows:

### INTRODUCTION

New England Life Insurance Company is a corporation engaged in the business of selling insurance and insurance related products. New England Life is licensed to do business and does conduct business in Delaware. New England Securities Corporation is a broker-dealer and member of the National Association of Securities Dealers ("NASD"). New England Securities is licensed to do business and does conduct business in

Delaware. New England Life Insurance Company and New England Securities Corporation conduct business and operate under the name "New England Financial." (collectively referred to as "New England Financial").

New England Financial sells life insurance and investment products through agents who are located at various agency offices throughout Delaware. New England Financial contracts with individual sales agents, to sell its products and services.

New England Financial has filed a third Petition to Enjoin Defendants and Enforce the Court's Order of July 25, 2005. This Petition has not only major factual and procedural flaws, but also fails to comply with local rules and is not supported by the law.

## ARGUMENT

When filing a non-dispositive motion, counsel must attempt to reach an agreement with opposing counsel regarding the matters set forth in the motion, and must include a statement in the motion to that effect. Fed. Rules Civ. Pro. Local Rule 7.1.1. Counsel has not stated anywhere in the Petition that he has contacted counsel for the Defendants to discuss the matters, let alone try to reach an agreement. In fact, Counsel for New England Financial has not attempted to resolve this matter with the Defendants. As a result of not including a statement stating the he has made such effort or extending any effort to resolve the matters, the Petition to Enjoin must not be entertained. "Unless otherwise ordered, the Court will not entertain any non-dispositive motion…"). Id.

Aside from this technical flaw, New England Financial's petition must fail on the merits. The Consent Order states in pertinent part, as follows:

> Commencing on the date of this Order and continuing until two years from the dates the defendants terminated their respective relationships with plaintiffs, the defendants shall not, directly or indirectly, contact the policyholders of the plaintiffs who own policies for which the defendants

2

> are the agent of record, for the purpose of inducing any such policyholders to lapse, cancel, fail to renew or replace any policy.

See July 25, 2005 Consent Order, Paragraph 1. The Plaintiffs must prove on this application that: 1) defendant contacted a New England Financial policyholder; 2) defendant is the agent of record for that policy and 3) defendant sought to induce the policyholder to lapse, cancel, fail to renew or replace a New England policy.

Plaintiffs' Petition is deficient in its allegations. Plaintiffs do not even allege any facts to support the proposition that Defendant Hewitt is the agent of record whatever policies that he is allegedly trying to have canceled, replaced, etc. Apart from this obvious deficiency in the required elements of proof, New England Financial merely states legal conclusions based on hearsay. Even though the petition does not identify the specific policyholder, for purposes of this motion and response only, we shall assume that both Helen and Arthur Hewitt are policyholders. The Petition states that the Hewitts informed James Veit, that "they had been contacted by Richard Hewitt, a defendant in this action, about replacing their New England insurance policies and investments with products from the company for which Richard Hewitt was working." (See Affidavit of James Veit, page 1). However, New England Financial does not include an affidavit from either of the Hewitts that contains any facts regarding the alleged conversation to sustain and support these statements. The Plaintiffs do not identify when this conversation occurred, whether it was one conversation or many, whether the conversation was in person or via other means, who was present, what was discussed or any other specifics so that Defendant Hewitt can address the matter. Instead, Plaintiffs merely state a conclusion that the defendant contacted the Hewitts to replace a policy.

In addition to the lack of information regarding the allegation communication between Defendant Hewitt and Helen and Arthur Hewitt, the Petition and supporting affidavit is fraught with hearsay. Mr. James Veit, an employee of Creative Financial Group, a broker for the Plaintiffs, apparently stated that he met with the Hewitts. When Mr. Veit met with them, he was informed of their contact with Defendant Hewitt. Mr. Veit's statements are being offered for the truth of the matter asserted. New England Financial is attempting to lull this Court into believing the statements from Mr. Veit in which he is merely repeating alleged statements from another party. Veit's alleged statements regarding what other individuals said regarding what Defendant Hewitt said is hearsay at least twice removed from any conversations between Defendant Hewitt and Helen and Arthur Hewitt. Veit's statements cannot be considered since New England Financial is trying to convince the Court that Defendant Hewitt did attempt to induce the alleged policyholder Hewitts based on statements from an individual who did not even have a conversation with Defendant Hewitt. Since his statements cannot be considered, New England Financial's Petition, having no other alleged evidence, must be denied.

In further support of his response to Plaintiffs' Third Petition to Enjoy, Defendant Hewitt hereby submits the attached affidavit. Defendant Hewitt unambiguously denies the factual allegations and legal conclusions contained in New England Financial's Third Petition to Enjoin. At no time did Defendant Hewitt contact Helen and Arthur Hewitt to discuss lapsing, canceling, replacing or not renewing any New England policy. (See Exhibit A, affidavit, attached hereto). The discussions he had with the Hewitts were limited solely to rebalancing the Hewitts' subaccount investment funds. Id.

Clearly New England Financial is grasping at straws. First, they do not even meet the requirements of the local rules, thus their motion fails on technical grounds. Second, the petition contains mere legal conclusions rather than any factual statements to support its allegations. Third, any "evidence" New England Financial is attempting to use is rather hearsay at least twice removed and is not supported by any affidavits or supporting documentation. Lastly, Exhibit A, attached affidavit from Defendant Hewitt clearly shows that Defendant Hewitt did not contact Helen and Arthur Hewitt with any intention of inducing them to lapse, cancel, replace, or fail to renew any New England policy.

WHEREFORE, Defendants request that the Court deny Plaintiffs' Third Petition to Enjoin and for any other relief it deems just and appropriate, including attorneys fees and costs.

        MARON & MARVEL, P.A.

By  /s/ Wayne A. Marvel
    Wayne A. Marvel, Esquire
    Bar I.D. No. 1073
    1300 North Broom Street
    Wilmington, DE  19806
    Tele: (302) 425-5177
    Fax:  (302) 425-0180
    Attorney for Defendants

Daniel R. Formeller
Mark Robert Vespole
Katherine L. Haennicke
Tressler, Soderstrom, Maloney & Priess
Attorneys for Defendants
744 Broad Street
Suite 1510
Newark, NJ 07102
(973) 848-2900
(973) 623-0405 (fax)

Dated: November 16, 2005