**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| NEW ENGLAND LIFE INSURANCE COMPANY and NEW ENGLAND SECURITIES CORPORATION, | : : : | |
| Plaintiffs, | : | Civil Action No.: 05-CV-415 |
| | : | |
| v. | : | |
| | : | |
| ANTHONY ALFIERI, JEFF BONIFACINO, LAURA CREAN, RICHARD HEWITT, ROBERT PORTER, DICK ROCKWELL, DAVID SAUERS, STANLEY SZCZERBA, MARILOU SZYMANSKI, KENNETH SCHLEISES, and AARON TURNER, | : : : : | |
| Defendants. | | |

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO
PLAINTIFFS' PETITION TO ENJOIN**

Plaintiffs, New England Life Insurance Company and New England Securities Corporation (collectively referred to as "Plaintiffs"), by and through their attorneys, hereby file this Reply to Defendants' Response to Plaintiffs' Petition to Enjoin, and in support thereof aver the following:

**I.    BACKGROUND**

On or about October 13, 2005, James Veit, an employee for Creative Financial Group, a broker for the Plaintiffs, met with Helen Jean Hewitt and Arthur Hewitt (no relation) to discuss their existing insurance policies and investments with the Plaintiffs. Affidavit of James Veit, ¶2. During this meeting, the Hewitts mentioned that they had been contacted by Defendant Richard Hewitt about replacing their New England

insurance policies and investments with products from Richard Hewitt's present company. Affidavit of James Veit, ¶3.

The solicitation was initiated by Richard Hewitt and according to the customers, it occurred approximately 30 to 60 days prior to the October 13, 2005 meeting. Affidavit of James Veit, ¶4. By soliciting Plaintiffs' existing customers, Richard Hewitt violated both the Agent Contract and the Consent Order entered in this case.

Upon learning of Defendant Hewitt's contact with Mr. & Mrs. Hewitt, Plaintiffs filed a Petition to Enjoin to enforce this Court's July 25, 2005 Consent Order and Defendant Hewitt's Agent Contract. In response thereto, Defendants filed a response alleging that the petition violated Local Rule 7.1.1 and contained impermissible hearsay. Those arguments are addressed below.

## II. ARGUMENT

### A. According to the terms of the Consent Order, Plaintiffs were entitled to immediately petition this Court for an injunction on an emergency basis notwithstanding Local Rule 7.1.1.

At the outset, it should be noted that counsel for Plaintiffs, Paul Bucco, contacted counsel for Defendants, Mark Vespole, prior to filing the instant petition and informed Mr. Vespole that this petition relating to the actions of Defendant Richard Hewitt was about to be filed.

In addition, the parties agreed pursuant to the Consent Order entered in this matter that the Plaintiffs were entitled to petition this Court for an emergency hearing in the event of a breach of any of the conditions and terms set forth therein. Based upon information provided by Mr. and Mrs. Hewitt, it appears that Defendant Richard Hewitt attempted to solicit them into replacing an existing New England policy with a policy

from another company. Defendant Hewitt was the agent of record for Mr. & Mrs. Hewitt while he was affiliated with New England. Therefore, he violated the Consent Order by soliciting the Hewitts to replace their New England policy.

Counsel for Defendants argue in their response that Plaintiffs' Petition to Enjoin is a non-dispositive motion, therefore is subject to Fed. Rules Civ. Pro. Local Rule 7.1.1. Rule 7.1.1 states:

> Rule 7.1.1 Statement Required to be Filed with Non-Dispositive Motions
>
> **Unless otherwise ordered**, the Court will not entertain any non-dispositive motions, except those motions brought by a person appearing pro se and those brought pursuant to Fed. R. Civ. P. 26(c) by a person who is not a party, unless counsel for the moving party files with the Court, at the time of filing the motion, a statement showing that the attorney making the motion has made a reasonable effort to reach agreement with the opposing attorneys on the matters set forth in the motion. (emphasis added).

In this case, the parties agreed through the Consent Order that the Plaintiffs could proceed with a petition on an "emergency basis" in the event of a breach. Paragraph 4 of the Consent Order states:

> This Order shall stay in effect, if necessary until this entire case is resolved, but under no circumstances shall this Order remain in effect after the dates set forth in Exhibit "A." In the event of a breach of this Order, plaintiffs shall have the right to petition the court for an injunction and/or temporary restraining order on an emergency basis, with notice to the undersigned counsel for defendants, with a hearing to be scheduled by the Court at any time after August 22, 2005.

Moreover, the Consent Order clearly provides for "notice to the undersigned counsel for defendants" at the time the petition is filed. Nowhere is there a condition that the Plaintiffs are required to postpone an emergency petition to attempt to reach an agreement with the defendants. Despite having agreed to the terms of the Consent Order, the defendants now object and claim that the Plaintiffs were obligated to notify them

before proceeding with the instant petition. That argument is contradicted by the clear terms of the Consent Order in place in this case and their argument should be rejected in its entirety.

> B. **The presence of potential hearsay statements is not a basis to dismiss a petition for injunctive relief**
.

The Defendants argue that the instant petition should be denied because it "is fraught with hearsay". According to the Defendants, a petition cannot be based upon allegations supported by hearsay statements.

The Defendants' position that a preliminary injunction cannot be based on hearsay is contradicted by settled law. The Third Circuit Court of Appeals has held as follows:

> It is well established that "a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *University of Texas v. Camenisch,* 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981). In keeping with this principle, many of our sister Circuits have recognized that "[a]ffidavits and other hearsay materials are often received in preliminary injunction proceedings." *Asseo v. Pan Am. Grain Co.,* 805 F.2d 23, 26 (1st Cir.1986); *see also Ty, Inc. v. GMA Accessories, Inc.,* 132 F.3d 1167, 1171 (7th Cir.1997) (citing *Asseo* ); *Levi Strauss & Co. v. Sunrise Int'l Trading, Inc.,* 51 F.3d 982, 985 (11th Cir.1995) ("At the preliminary injunction stage, a district court may rely on affidavits and hearsay materials which would not be admissible evidence for a permanent injunction...."); *Sierra Club, Lone Star Chapter v. FDIC,* 992 F.2d 545, 551 (5th Cir.1993) (courts at preliminary injunction stage "may rely on otherwise inadmissible evidence, including hearsay"); *Flynt Distrib. Co. v. Harvey,* 734 F.2d 1389, 1394 (9th Cir.1984) ("The urgency of obtaining a preliminary injunction ... makes it difficult to obtain affidavits from persons who would be competent to testify at trial. The trial court may even give inadmissible evidence some weight ...."); *cf. Heideman v. South Salt Lake City,* 348 F.3d 1182, 1188 (10th Cir.2003) ("The Federal Rules of Evidence do not apply to preliminary injunction hearings.").

<u>KOS Pharmaceuticals, Inc., v. Andrx Corporation</u>, 369 F.3d 700, 718 (3d. Cir. 2004).

Thus, not only is the Court permitted to accept hearsay evidence in the petition for an injunction it is also permitted to accept such evidence at the hearing. As such, the Defendants' argument is erroneous and should be rejected.

Enforcement of the Consent Order by its very nature is dependant upon hearsay. A breach of the Consent Order naturally involves some type of solicitation by the Defendants to third parties. Unless the Defendants are willing to voluntarily come before the Court and admit that such solicitations took place, any proof that the Plaintiffs put before the Court will have to involve hearsay statements by other parties concerning the nature of the solicitations. Finally, the Defendants' argument that the statements by Mr. Veit are double hearsay ignores the fact that the Plaintiffs intend to call Mr. and Mrs. Hewitt as witnesses at the hearing scheduled for November 29 to testify regarding the conversations they had with Mr. Hewitt.

Plaintiffs filed the Petition to Enjoin in order to schedule a hearing before this Court, which the Consent Order clearly allows Plaintiffs to do in the event the Order is breached. Plaintiffs intend to show that Hewitt was the agent of record for the Hewitts while he was an agent for the Plaintiffs, and that he contacted the Hewitts for the purpose of offering, selling and/or soliciting the Hewitts into replacing their New England policy in violation of his Agent Contract and the Consent Order.

### III.   CONCLUSION

Based upon the foregoing, Plaintiffs respectfully request this Honorable Court to enforce the Agent Contract and Consent Order and grant Plaintiffs' Petition to Enjoin in accordance with the proposed Order attached to the Plaintiffs' petition.

        /s/ Robert D. Ardizzi
ROBERT ARDIZZI, ESQUIRE
Davis, Bucco & Ardizzi
2 N. Colonial Avenue
Elsmere, DE 19805
(3020) 345-9808

Date: November 17, 2005