```
            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF DELAWARE

NEW ENGLAND LIFE INSURANCE      :
COMPANY and NEW ENGLAND         :
SECURITIES CORPORATION,         :
                                :
        Plaintiffs,             :
                                :   Civil Action No. 05-415-JJF
     v.                         :
                                :
ANTHONY ALFIERI, et al.,        :
                                :
        Defendants.             :
```

Robert D. Ardizzi, Esquire of DAVIS, BUCCO & ARDIZZI, Elsmere, Delaware.
Attorney for Plaintiffs.

Wayne A. Marvel, Esquire of MARON & MARVEL, P.A., Wilmington, Delaware.
Attorney for Defendants.

## MEMORANDUM OPINION

January 26, 2006
Wilmington, Delaware

*Joseph J. Farnan Jr.*
Farnan, District Judge.

Pending before the Court is Plaintiff's Petition For Preliminary Injunction (D.I. 40). For the reasons discussed, the Court will deny Plaintiff's Petition.

## BACKGROUND

Plaintiffs are Massachusetts corporations with their principal place of business in Boston, Massachusetts. Plaintiff New England Life Insurance Company is in the business of selling insurance and insurance-related products. Plaintiff New England Securities Corporation is the registered broker/dealer for New England Life Insurance Company. Defendants are Delaware residents and former agents of Defendants' Wilmington, Delaware office. By their Complaint (D.I. 1), Plaintiffs allege counts of breach of contract, unfair competition, breach of fiduciary duty, tortious interference with contractual relations, and conversion.

On July 25, 2005, the Court entered a consent order which provided in part that "the defendants shall not, directly or indirectly, contact the policyholders of the plaintiffs who own policies for which the defendants are the agent of record, for the purpose of inducing any such policyholders to lapse, cancel, fail to renew or replace any policy." (D.I. 25.) Defendant Richard Hewitt ended his affiliation with Plaintiffs in April, 2004. On August 24, 2005, Richard Hewitt met with Jean and Arthur Hewitt, who were holders of life insurance policies issued

by Defendants.[1]  The facts with regard to what was discussed at that meeting are in dispute.  The Court held a hearing in this matter on November 29, 2005, during which it heard testimony from Jean Hewitt and Richard Hewitt.

## DISCUSSION

By their Petition, Plaintiffs contend that Defendant Richard Hewitt violated the consent order by contacting Jean and Arthur Hewitt for a prohibited purpose.  (D.I. 40.)  Richard Hewitt admits that he initiated contact with Jean and Arthur Hewitt, but denies that it was for a purpose prohibited by the consent order.  (D.I. 49.)

Plaintiffs' Petition seeks the following relief:  (1) an injunction ordering Richard Hewitt to refrain from "further contact with . . . Jean Hewitt and Arthur Hewitt or any other existing clients of the Plaintiffs in accordance with the terms of his Agent Contract and the Consent Order;" (2) a hearing "to address the allegations that Defendant Richard Hewitt violated this Court's Consent Order . . . ;" and (3) attorney's fees and costs associated with enforcement of the consent order.  (D.I. 40.)  The injunctive relief that Plaintiffs seek would amount to no more than an unnecessary reiteration of the consent order, which is still in effect.  In addition, the Court has already held the hearing Plaintiffs request.  Therefore, the only issue

---

[1] Richard Hewitt is not related to Jean and Arthur Hewitt.

2

remaining is whether Plaintiffs have established that Richard Hewitt wilfully violated the consent order. If they have, the Court may award attorneys fees and costs as a sanction for civil contempt. Ranco Indus. Products Corp. v. Dunlap, 776 F.2d 1135, 1139 (3d Cir. 1985). If they have not, the Court must deny the Petition.

To prove civil contempt, a plaintiff must prove that (1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order. John T. ex rel. Paul T. v. Delaware County Intermediate Unit, 318 F.3d 545, 552 (3d Cir. 2003). Here, the only element in dispute is whether Richard Hewitt disobeyed the consent order. The elements of civil contempt must be proven by clear and convincing evidence, and ambiguities must be resolved in favor of the party charged with contempt. Id.

The Court concludes that Plaintiffs have not met their burden of proving, by clear and convincing evidence, that Richard Hewitt's purpose in contacting Jean and Arthur Hewitt was to induce them to lapse, cancel, fail to renew, or replace any policy they held with Defendants. Plaintiffs' only evidence in that regard was the testimony of Jean Hewitt. Although she testified that, at their meeting on August 24, 2005, Richard Hewitt suggested that she and her husband liquidate their life insurance policies with Defendants, her recollections were

3

imprecise and she was equivocal and unsure of the details of the conversation. On the other hand, Richard Hewitt testified that it was Jean or Arthur Hewitt who raised the possibility of liquidating their life insurance policies and that he did not pursue the matter. His testimony is corroborated to some extent by his handwritten notes of the meeting. At best, the evidence is evenly balanced. Therefore, the Court must deny Plaintiffs' petition.

An appropriate order will be entered.