### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

NEW ENGLAND LIFE INSURANCE
COMPANY and NEW ENGLAND SECURITIES
CORPORATION,

                Plaintiffs,

v.

ANTHONY ALFIERI, JEFF BONIFACINO, LAURA
CREAN, RICHARD HEWITT, ROBERT PORTER,
DICK ROCKWELL, DAVID SAUERS, STANLEY
SZCZERBA, MARILOU SZYMANSKI, KENNETH
SCHLEZES, and AARON TURNER,

                Defendants.

**C.A. No.  05 cv 415**

---

DECLARATION OF MARK ROBERT VESPOLE, ESQ. IN SUPPORT
OF DEFENDANTS' MOTION DISMISS THE COMPLAINT FOR FAILURE OF
PLAINTIFFS TO PROVIDE DISCOVERY AND APPROPRIATE RULE 26 DISCLOSURES

Mark Robert Vespole declares as follows:

    1.    I am an attorney-at-law of the State of New Jersey and am a member of the law

firm of TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP, attorneys for Defendants,

ANTHONY ALFIERI, JEFF BONIFACINO, LAURA CREAN, RICHARD HEWITT,

ROBERT PORTER, DICK ROCKWELL, DAVID SAUERS, STANLEY SZCZERBA,

MARILOU SZYMANSKI, KENNETH SCHLEZES (improperly pleaded as KENNETH

SCHLEISES), and AARON TURNER, (hereinafter "Defendants"), in the above-captioned

matter. I am handling of this matter and as such I am familiar with the facts contained herein. I

make this declaration in support of Defendants' Motion to Dismiss the Complaint for failure of

Plaintiffs to provide discovery and make appropriate Rule 26 Disclosures.

2.     A copy of the Court's April 12, 2006 Rule 16 Scheduling Order is annexed hereto as Exhibit A.

3.     Rule 26 Disclosures were initially made by plaintiff.  (Copy annexed hereto as Exhibit B.)

4.     By letter of April 4, 2006 (Exhibit C), defendants responded to plaintiffs document request and also propounded upon plaintiffs a 30(b)(6) deposition notice (Exhibit D) and their First Request for Production of Documents (Exhibit E).

5.     By letter of April 14, 2006 (Exhibit F), defendants propounded their First Set of Interrogatories (Exhibit G) upon plaintiffs.

6.     By letter of May 25, 2006 (Exhibit H), we pointed out the deficiencies in plaintiffs' Rule 26 disclosures, inasmuch as plaintiffs' disclosures identified 28 witnesses without providing the subjects of the information relating to each of the witnesses, as required by Rule 26 (a)(1)(A) of the Federal Rules of Civil Procedure.

7.     By letter of June 14, 2006 (Exhibit I), we reminded plaintiffs' counsel that he had not yet responded to the discovery issues set forth in our May 25, 2006 letter.

8.     During the summer and fall of 2006, I had numerous telephone and email communications with plaintiffs' counsel, Paul Bucco and Robert Ardizzi, as well as the paralegal working with them on this case.  By way of example, attached is a string of e-mails (Exhibit J) regarding our attempts to get plaintiffs to respond to discovery from July and August 2006.

9.     On August 21, 2006, I reviewed boxes of documents at the office of plaintiffs' counsel, but advised them that I still was entitled to specific responses to our specific document requests.  I had a telephone conversation with Paul Bucco on September 14, 2006 to make a

good-faith attempt to resolve various discovery issues before commencing a trial in the United States District Court in Rhode Island in October and November 2006.

10.     While we did receive copies of the documents requested from plaintiffs' counsel on September 21, 2006, we never received a response to our request for production of documents. Additionally, plaintiffs' counsel has never answered defendants' interrogatories and never produced any witnesses in response to the defendants' 30(b)(6) notice. Finally, plaintiffs' counsel has not provided defendants with the required full response to the Rule 26 disclosures.

10.     For all the foregoing reasons, as respectfully urged, in accordance with Rule 37(d) of the Federal Rules of Civil Procedure, that plaintiffs' complaint be dismissed for failure to provide discovery and/or appropriate Rule 26 disclosures.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on January 23 2007.

BY_____
            MARK ROBERT VESPOLE

NEWARK-#22320-v1

6

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

NEW ENGLAND LIFE INSURANCE      :
COMPANY and NEW ENGLAND
SECURITIES CORPORATION,      :

     Plaintiffs,      :    Civil Action No.: 05-CV-415

     :

     v.      :

     :

ANTHONY ALFIERI, JEFF BONIFACINO,
LAURA CREAN, RICHARD HEWITT, ROBERT :
PORTER, DICK ROCKWELL, DAVID SAUERS,
STANLEY SZCZERBA, MARILOU SZYMANSKI,
KENNETH SCHLEISES, and AARON TURNER, :

     Defendants.      :

## RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed.R.Civ.P. 26(f),

IT IS ORDERED that:

1. **Pre_Discovery Disclosures**: Plaintiffs have provided Defendants with the information required by Fed.F.C.P. 26(a)(1). Defendants will provide their information to Plaintiffs by April 30, 2006.

2. **Joinder of Other Parties**: All motions to join other parties shall be filed on or before June 1, 2006.

3. **Settlement Conference**: Pursuant to 28 U.S.C. §636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring the possibility of settlement. If the parties agree that they would benefit from a settlement conference, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference so as to be completed no later than the Pretrial Conference or a date ordered by the Court.

4.    Discovery.

(a)    Exchange and completion of interrogatories, identification of all fact witnesses and document production shall be commenced so as to be completed by: **October 2, 2006**

(b)    Maximum of **25** interrogatories by each party to any other party;

(c)    Maximum of **35** requests for admission by each party to any other party;

(d)    maximum of **25** depositions by plaintiffs and **25** by defendants. Depositions have already commenced.

(e)    reports from retained experts required by Fed. R.C.P. 26(a)(2) are due from the plaintiffs by **November 15, 2006** and from the defendants by **January 15, 2007.**

(f)    Any party desiring to depose an expert witness shall notice and complete said deposition no later than thirty (30) days from the receipt of said expert's report, unless otherwise agreed in writing by the parties.

5.    **Discovery Disputes.**

(a)    A party seeking discovery which the opposing party refuses to provide shall file a motion (no brief) pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1. Said motion shall not exceed a total of four (4) pages. An Answer to the Rule 37 motion, not to exceed four (4) pages, shall be filed within five days of service of the motion. No reply is permitted.

(b)    All papers shall set forth in a plain and concise manner the issue(s) in dispute, the parties position on the issues(s), and the reasons for the party's position.

(c)    Upon receipt of the Answer, the movants shall notify Chambers by e-mail at jjf_civil@ded.uscourts.gov that the parties have completed briefing.

(d)    Upon receipt of the movant's e-mail, the Court will determine whether a conference is necessary and advise the parties accordingly.

(e)    There is no limit on the number of Rule 37 motions a party may file, unless otherwise ordered by the Court.

6.    **Amendment of the Pleadings.** All motions to amend the pleadings shall be filed on or before: **October 2, 2006**

7.   **Case Dispositive Motions**. Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before **December 15, 2006**. Briefing shall be pursuant to D.Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of court.

8.   **Applications by Motion.**

   (a)   Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by Del. LR 7.1.1. Briefs shall be limited to no more than ten (10) pages. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

   (b)   No facsimile transmissions will be accepted.

   (c)   No telephone calls shall be made to Chambers

   (d)   Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at jjf_civil@ded.uscourts.gov The e-mail shall provide a short statement describing the emergency.

9.   **Pretrial Conference and Trial**. After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

   The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for trial to be held within sixty (60) days of the Pretrial Conference,

_April 12, 2006_
Date

_Jerry J. Farnan_
UNITED STATES DISTRICT JUDGE

EXHIBIT "B"

# IN THE FEDERAL DISTRICT COURT FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| NEW ENGLAND LIFE INSURANCE COMPANY and NEW ENGLAND SECURITIES CORPORATION, | : | |
| | : | |
| Claimants, | : | **Civil Action No.: 05-CV-415** |
| | : | |
| v. | : | |
| | : | |
| ANTHONY ALFIERI, JEFF BONIFACINO, LAURA CREAN, RICHARD HEWITT, ROBERT PORTER, DICK ROCKWELL, DAVID SAUERS, STANLEY SZCZERBA, MARILOU SZYMANSKI, KENNETH SCHLEISES, and AARON TURNER, | : | |
| Respondents. | | |

## PLAINTIFFS INITIAL DISCLOSURES
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiffs, New England Life Insurance Company and New England Securities Corporation (collectively hereinafter referred to as "New England"), through its undersigned counsel, hereby submits the following Initial Disclosures. These disclosures are made: (i) without admitting or conceding the admissibility (including authenticity) or relevance of any information; (ii) reserving all rights to object during discovery or at trial; and (iii) reserving the right to invoke the attorney-client privilege, work product doctrine, or any other applicable privilege.

A.    Individuals Likely to Have Discoverable Information Concerning the

Claims and Defenses In This Action

Plaintiff, New England, believes the following persons are likely to have

discoverable information concerning the claims in this action:

1.    Anthony Alfieri
        733 Taunton Road
        Wilmington, Delaware 19803

2.    Jeff Bonifacino
        1405 Broad Run Road
        Landenberry, Pennsylvania 19350

3.    Laura Crean
        P.O. Box 1389
        Hockessin, Delaware 19707

4.    Richard Hewitt
        1100 Lovering Avenue, #102
        Wilmington, Delaware 19808

5.    Robert Porter
        8 Blue Rock Road
        Wilmington, Delaware 18909

6.    Richard Rockwell
        1018 Kent Rd.
        Wilmington, Delaware 19807-2820

7.    David Sauers
        209 Plymouth Road
        Wilmington, Delaware 18903

8.    Kenneth Schlesses
        1225 Evergreen Road
        Wilmington, Delaware 19803

9.    Stanley Szczerba
        6 Bowie Drive
        Wilmington, Delaware 18908

10.     Marilou Szymanski
        221 Brookline Road
        Wilmington, Delaware 18903

11.     Aaron Turner
        4606 Laura Dr.
        Wilmington, Delaware 18903

12.     Robert Draper
        Willowcreek Lane
        Newark, DE 19711

12.     Peter Hatkevich
        75 Dunginane Drive
        New Castle, DE 19702

13.     Elsie Burris
        2953 Wrangle Hill Road
        Bear, DE 19701-1715

14.     David Elliott
        2605 Darby Drive
        Wilmington, DE 19808-2209

15.     Michael Forehand
        40 Angelica Drive
        Avondale, PA 19311

16.     Patricia Giesecke
        5447 Crestline Road
        Wilmington, DE 19808-3659

17.     Regina Hatkevich
        2604 Longfellow Drive
        Wilmington, DE 19808-3710

18.     Melissa Hetman
        1106 Azalea Drive
        Warminster, PA 18074

19.     Paula & Ray Holloway
        7 Dakota Avenue
        Wilmington, DE 19803-3213

20.  Andrea Prettyman
     29 Valley Forge Drive
     Milford, DE 19963-2108

21.  Paul Raymont
     215 Kline Street
     Bear, DE 19701-2219

22.  Lisa Varnes
     306 Bald Eagle Way
     Middletown, DE 19709-4122

23.  Joseph Nascelli
     Creative Financial Group
     16 Campus Boulevard, Suite 200
     Newtown Square, PA 19073

24.  John Greenly
     9 D Anthony Circle
     Newark, DE 19720

25.  Richard Maroney
     Creative Financial Group
     16 Campus Boulevard, Suite 200
     Newtown Square, PA 19073

26.  Dominic Nappi
     Creative Financial Group
     16 Campus Boulevard, Suite 200
     Newtown Square, PA 19073

27.  Theodore F. Adam, III
     1111 E Main St
     Richmond, VA 23219
     (804) 697-1435

28.  Timothy & June Rietdorf
     261 Ue Heron Dr
     Englewood, FL 34223

29.  Plaintiff reserves all rights to supplement this list up to and
     including the time for trial.

B.    Documents and Things in the Possession, Custody or Control of Plaintiffs or Plaintiffs' Counsel

    1.    All employment contracts and non-compete agreements entered into between Plaintiffs and Defendants.

    2.    All Pleadings filed in this case.

    3.    All correspondence from Plaintiffs to Defendants regarding this case, and the subsequent action filed by Plaintiffs with the NASD.

    4.    Insurance policies of Plaintiffs' former clients.

    5.    Replacement Activity reports kept by Plaintiffs' in connection with Defendants soliciting Plaintiff's customers and clients.

    6.    Plaintiffs reserved the right to supplement this list up to and including the time for trial.

C.    Identities of Experts and Their Opinions

Plaintiffs have not yet identified any experts in relation to this litigation, but reserve all rights to do so, and will supplement this response if and when such experts are retained by Plaintiffs in connection with this litigation.

D.    Insurance Agreements

    1.    There are no insurance agreements within the scope of Rule 26(a)(1)(D) relevant to this matter, to the best of Plaintiffs' knowledge.

E.    Statement of the Basis for Any Damages Claimed

Plaintiffs have not yet ascertained the total damages sustained in connection with this litigation, and, therefore, reserves any and all rights to supplement this section of its Disclosures.

F.    <u>Amendment and Supplementation</u>

Plaintiffs reserve the right to amend and/or supplement the information supplied in these Initial Disclosures consistent with the requirements of the Federal Rules of Civil Procedure.

**DAVIS, BUCCO & ARDIZZI**

_____

Robert Ardizzi, Esquire
2 N. Colonial Avenue
Elsmere, DE  19805
Attorney for Plaintiffs

DATED:

EXHIBIT "C"



**TRESSLER, SODERSTROM, MALONEY & PRIESS**
ATTORNEYS AT LAW

744 Broad Street
Suite 1510
Newark, NJ 07102
973/848-2900
Fax 973/623-0405
www.tsmp.com

Mark Robert Vespole
(973) 848-2909
mvespole@tsmp.com

April 4, 2006

**Via Federal Express**
Paul A. Bucco, Esq.
Davis, Bucco & Ardizzi, P.C.
10 E. 6th Ave.
Conshohocken, Pennsylvania 19428

Re:    New England Life v. Alfieri, et al.

Dear Mr. Bucco:

Enclosed please find the documents that comprise the Defendants' response to Plaintiffs' First Request for Production of Documents. The responses were previously provided. In accordance with the stipulated Protective Order, Defendants designate all policies, applications, forms, illustrations and any other documents pertaining to Penn Mutual and Hornor, Townsend & Kent to be confidential. The document production is Bates-stamped D-0001 through D-1580.

Additionally, enclosed is Defendants' 30(b)(6) deposition notice as well as its First Request for Production of Documents.

Please contact me if you have any questions.

Very truly yours,

MARK ROBERT VESPOLE

MRV:ljc
Enclosures
NEWARK-#18402-v1

EXHIBIT "D"

#378767

4763-2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NEW ENGLAND LIFE INSURANCE
COMPANY and NEW ENGLAND SECURITIES
CORPORATION,

Plaintiffs,

v.

ANTHONY ALFIERI, JEFF BONIFACINO,
LAURA CREAN, RICHARD HEWITT, ROBERT
PORTER, DICK ROCKWELL, DAVID SAUERS,
STANLEY SZCZERBA, MARILOU SZYMANSKI,
KENNETH SCHLEZES, and AARON TURNER,

Defendants.

C.A. No. 05 cv 415

## NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE** that you are hereby notified Defendants, Anthony Alfieri, Jeff

Bonifacino, Laura Crean, Richard Hewitt, Robert Porter, Dick Rockwell, David Sauers, Stanley

Szczerba, Marilou Szymanski, Kenneth Schlezes and Aaron Turner, (hereinafter collectively

referred to as Defendants"), will take the deposition, pursuant to Rule 30(b)(6) of the Federal Rules

of Civil Procedure, of the designated representative(s) of NEW ENGLAND LIFE INSURANCE

COMPANY AND NEW ENGLAND SECURITIES CORPORATION on April 20, 2006 at 9:00

a.m. at the offices of Maron & Marvel, P.A., 1300 North Broom Street, Wilmington, DE 19806,

before a court reporter or some other officer authorized by law to administer oaths. The

deposition will continue from day to day until completed. NEW ENGLAND LIFE

INSURANCE COMPANY AND NEW ENGLAND SECURITIES CORPORATION are

required to designate one or more officers, directors, managing agents or other persons

competent to testify on its behalf concerning all matters set forth in the Complaint and the

attached Schedule A.

Respectfully submitted,

ANTHONY ALFIERI, JEFF
BONIFACINO, LAURA CREAN,
RICHARD HEWITT, ROBERT PORTER,
DICK ROCKWELL, DAVID SAUERS,
STANLEY SZCZERBA, MARILOU
SZYMANSKI, KENNETH SCHLEZES,
and AARON TURNER

By: _____ 4/7/06
One of Their Attorneys

Wayne A. Marvel, Esquire
Bar I.D. No. 1073
1300 North Broom Street
Wilmington, DE  19806
Tele: (302) 425-5177
Fax:  (302) 425-0180

Daniel R. Formeller
Mark R. Vespole
Katherine L. Haennicke
Tressler, Soderstrom, Maloney & Priess
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6308
(312) 627-4000
Fax: (312) 627-1717

## SCHEDULE A

The deposition of representatives of New England Life Insurance Company and New England Securities Corporation with knowledge of following particulars matters:

1. The acts constituting conversion of plaintiffs' property by each and every defendant as alleged in the complaint.

2. The acts constituting tortious interference with contractual relations by each and every defendant as alleged in the complaint.

3. The acts constituting breach of contract by each and every defendant as alleged in the complaint.

4. The acts constituting breach of fiduciary duty and duty of loyalty to plaintiffs by each and every defendant as alleged in the complaint.

5. The acts constituting unfair competition by each and every defendant as alleged in the complaint.

6. The contractual relationship between New England Securities Corporation and each and every defendant.

7. The contractual relationship between New England Life Insurance Company and each and every defendant.

7. The irreparable harm and injury, injury to customer relationships, injury to contractual relationships with agents, present and future economic loss and any and all other damages sustained by New England Life Insurance Company as alleged in the complaint.

9. The irreparable harm and injury, injury to customer relationships, injury to contractual relationships with agents, present and future economic loss and any and all other damages sustained by New England Securities Corporation as alleged in the complaint.

10. The policies, procedures and practices of New England Life Insurance Company with regard to the maintenance of original customer files at the Delaware agency prior to April 30, 2004.

11. The policies, procedures and practices of New England Securities Corporation with regard to the maintenance of original customer files at the Delaware agency prior to April 30, 2004.

12. The policies, procedures and practices of New England Life Insurance Company on or before April 30, 2004 with regard to the retention by an agents of copies of its customer files upon the agent's departure from New England Life Insurance Company.

3

13. The policies, procedures and practices of New England Securities Corporation on or before April 30, 2004 with regard to the retention by a registered representative of copies of customer files upon the registered representative's departure from New England Securities Corporation.

14. The policies, procedures and practices of New England Life Insurance Company and New England Securities Corporation on or before April 30, 2004 with regard to the disposition of computers leased by agents and registered representatives.

15. All of Defendants' acts, if any, that New England Life and/or New England Securities alleges were not in the interest of the Plaintiffs while Defendants were affiliated with the Plaintiffs.

16. All confidential and proprietary information of New England Life and New England Securities allegedly used and converted by Defendants.

17. All computations for time, expense and effort expended by Plaintiffs in training Defendants.

18. All computations of good will allegedly lost by Plaintiffs as a result of Defendants' actions.

19. All original customers files the Defendants allegedly took with them and did not return to Plaintiffs.

20. All laptop and desktop computers allegedly taken by the Defendants and not returned to the Plaintiffs.

21. All assets, business, business opportunities, employees, customers, good will and trade secrets the Defendants allegedly subverted and/or misappropriated.

22. All policyholders the Plaintiffs alleged Defendants contacted in violation of their contracts.

23. The identity of all New England Life and New England Securities' policies and contracts, as well as the corresponding contract holders, policyholders or customers, which Plaintiffs allege were lapsed, canceled, replaced, or not renewed as a result of an alleged contractual violation by each of the defendants.

24. All investigations undertaken to determine if any of Plaintiffs' policyholders and/or customers who were contacted by Defendants.

25. The identity of all individuals that Defendants allegedly induced to leave their affiliation with Plaintiffs.

26. The nature, extent and description of all damages claimed by New England Life in this lawsuit.

27. The nature, extent and description of all damages claimed by New England Securities in this lawsuit.

28. The computation and calculation of all damages claimed by New England Life in this lawsuit.

29. The computation and calculation of all damages claimed by New England Securities in this lawsuit.

30. The basis for any continuing fiduciary duty alleged owed by Defendants to Plaintiffs.

31. All property the Plaintiffs allege that Defendants improperly converted.