EXHIBIT "E"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NEW ENGLAND LIFE INSURANCE
COMPANY and NEW ENGLAND SECURITIES
CORPORATION,

    Plaintiffs,

v.

ANTHONY ALFIERI, JEFF BONIFACINO, LAURA
CREAN, RICHARD HEWITT, ROBERT PORTER,
DICK ROCKWELL, DAVID SAUERS, STANLEY
SZCZERBA, MARILOU SZYMANSKI, KENNETH
SCHLEZES, and AARON TURNER,

    Defendants.

C.A. No. 05 cv 415

## DEFENDANTS' FIRST SET OF DOCUMENTS REQUESTS TO PLAINTIFFS

Defendants, Anthony Alfieri, Jeff Bonifacino, Laura Crean, Richard Hewitt, Robert Porter, Dick Rockwell, David Sauers, Stanley Szczerba, Marilou Szymanski, Kenneth Schlezes, and Aaron Turner (hereinafter collectively referred to as "Defendants"), by and through their attorneys, propound the following requests upon Plaintiffs pursuant to Rule 26 of the Federal Rules of Civil Procedure and request that all Plaintiffs produce the documents designated below for examination and copying. Such documents shall be produced at 10:00 a.m. within 30 days after the service of this request at the offices of Tressler, Soderstrom, Maloney & Priess, Sears Tower, 22nd Floor, 233 South Wacker Drive, Chicago, IL 60606, or at such other place as the parties may mutually agree.

## DEFINITIONS

1.     "Communicate" or "communication" means and includes every manner or means of transfer, exchange, or disclosure of information, fact, idea, or inquiry, whether

orally, by document, or electronically, and whether face-to-face, by telephone, mail, e-mail, telecopier, personal delivery, or otherwise.

2. "Documents" includes all written material or other tangible medium of reproduction of every kind or description, however produced or reproduced, including, without limitation, correspondence, memoranda, notes, recordings, letters, charges, accountings, graphs, charts, balance sheets, profit and loss statements, summaries, records of oral conversations, diaries, calendars, logs, analyses, projections, work papers, tape recordings, films, video tapes, plans, minutes or records of meetings, minutes or records of conferences, lists of persons attending meetings or conferences, reports and/or summaries of investigations, opinions or reports of consultants, evaluations, records, contracts, agreements, preliminary drafts, and includes e-mails, computer reports, programs, discs and communications, however denominated by whomever prepared, to whomever addressed, and any other writing, graphic representation or memorialization that are in possession of the plaintiff as defined herein. Further, "documents" includes any copies of documents that are not identical duplicates or originals, including, but not limited to, all drafts of whatever date prepared prior to the completion of the final version and copies with typed or handwritten notations.

3. "Documents" also includes any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer application software or forensics software); any "deleted" but recoverable electronic files on such media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from Random Access Memory on a hard drive during the normal operation of a computer [RAM slack] or residual

data left on the hard drive after new data has overwritten some but not all of previously stored data). "Documents" also includes each and every file folder or other material in which the above items are stored, filed, or maintained, including computer or other electronic storage.

4. "Application Software" refers to a set of electronic instructions, also known as a program, which instructs a computer to perform a specific set of processes.

5. "Archive" means a copy of data on a computer drive, or on a portion of a drive, maintained for historical reference.

6. "Backup" means a copy of active data, intended for use in restoration of data lost to catastrophic failure of a system memory.

7. "Computer" includes but is not limited to network servers, desktops, laptops, notebook computers, employees' home computers, mainframes, PDAs (Personal Digital Assistants such as Blackberry, PalmPilot, Cassiopeia, HP Jornada and other such handheld computing devices), digital cell phones, and pagers.

8. "Data" means any--and all information stored on media that may be accessed by a computer.

9. "Hard Drive" means the primary hardware that a computer uses to store information, typically magnetized media on rotating disks.

10. "Magnetic or optical storage media" include but are not limited to hard drives (also known as "hard disks"), backup tapes, CD-ROMs, DVD-ROMs, JAZ and Zip drives, and floppy disks, all used singly or in combination in, or in conjunction with, your computers and any and all backup and archive systems for your computers.

11. "Network" means a group of connected computers that allow people to share information and equipment (e.g., local area network (LAN), wide area network (WAN), metropolitan area network (MAN), storage area network (SAN), peer-to-peer network, client-server network).

12. "Operating System" means software that directs the overall activity of a computer (e.g., MS-DOS, Windows, Linux).

13. "Network Operating System" means software that directs the overall activity of networked computers.

14. "Software" means any set of instructions stored on computer-readable media that tells a computer what to do. "Software" includes operating systems and applications.

15. "Storage Devices" means any device that a computer uses to store information.

16. "Storage Media" means any removable device that stores data.

17. "New England," "your," or "you" means Plaintiffs New England Life Insurance Company, New England Securities Corporation, their predecessors, successors, subsidiaries, units, divisions, affiliates, joint ventures, parents, officers, directors, agents, employees and/or independent contractors (including without limitation, its attorneys, accountants, bankers, advisors, public relations firms, advertising firms, and marketing firms), and all persons acting or purporting to act on behalf of plaintiff.

18. "Refer" or "relate" means to have a logical or causal relationship to, to make a statement about, discuss, describe, show, reflect, concern, identify, constitute, consist of, or pertain to, in whole or in part, the subject.

19. "Person" means natural persons or any partnership, joint venture, association, corporation, or any other legal entity.

20. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

21. The singular form of a word is to be interpreted as including the plural (and vice versa), where the context so dictates.

22. "NASD" means the National Association of Securities Dealers, Inc.

23. "Member Firm" means all firms working under the New England association.

## GENERAL INSTRUCTIONS

1. If you object to any portion or aspect of the request, produce all documents responsive to the remainder. If any requested document cannot be produced in full, produce it to the extent possible; indicating which portion of the document is being withheld.

2. In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, without regard to their location, regardless of whether such documents or materials are possessed physical directly by you or your directors, officers, agents, employees, accountants, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employers, representatives or investigators. To the extent that documents requested below are not produced because they are not in your possession, custody or control, disclose all information known to you that may lead to the discovery of such documents.

3. All documents should be produced in the file folder, envelope or other container in which the documents are kept or maintained by you in the ordinary course of your business. If the container cannot be produced, produce copies of all labels or other identifying marks.

4. You should produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of a document cannot be located, a copy should be produced in lieu thereof, and should be legible and bound or stapled in the same manner as the original.

5. Documents not otherwise responsive to this document request should be produced if such documents mention, discuss, refer to or explain one or more documents that are called for by these document requests, or if such documents are attached to documents called for by these document requests and constitute routing slips, transmittal memoranda or letters, comments, evaluations or similar materials.

6. Documents attached to each other should not be separated.

7. If any documents requested herein have been lost, discarded, destroyed, or are otherwise no longer in your possession, custody or control, they shall be identified as completely as possible including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, and person disposing of the document.

8. If any document requested is withheld based on a claim of privilege, please provide a statement of the claim of privilege and all facts relied on in support of the claim, including:

    a. The date and nature of the document;

    b. The author(s) and recipient(s) of the document and their employers and job titles at the time;

    c. The subject matter of the document:

    d. The request(s) herein to which the document is responsive; and

    e. The present location of the document.

*Notwithstanding the assertion of an objection on the grounds of privilege, any purportedly privileged document containing nonprivileged matter must be disclosed, with the purportedly privileged portion excised.*

9. If any document requested herein is withheld based on a claim that such document constitutes attorney work product, please provide all of the information described in Instruction No. 8 above and also identify the litigation in connection with which such information was obtained or prepared.

10. All documents, information, or data responsive to these requests currently existing in machine-readable form, including any spreadsheet files, should be provided in the original format, unless that format requires specialized or proprietary hardware or software. (Acceptable formats include Access or Excel for spreadsheets, dBASE for database files, and Corel WordPerfect 8.0 and MSWord 2000 or 9.0 for word processing files. If the original format is not listed above, the data should be converted to one of the acceptable formats, if possible.) Electronic mail messages should be provided in their original electronic form, even if only available on backup or archive tapes or disks. Data files should be in sequential format also known as ASCII files or flat files, with the data fields in fixed-column positions. For each database file provided, the following information is needed: a record layout, a short narrative description of what the file contains, translation of any coded fields, the number of records in the file, and a printout of the first 100 records in report format. A record layout must contain the following pieces of information: name of the field, description of the field, starting and ending position of the field, length of the field, starting and ending position of the record, length of the file, and characteristics of the field (i.e., packed decimal, zoned decimal, alphanumeric, etc.).

Electronic data should be produced as printouts (if they exist) and on 3-1/2" PC diskettes, CD-ROM, or zip disks (which can be in ASCII format). For PC files that are too large for one diskette, MSBACKUP diskettes will be acceptable as long as they are accompanied by backup listings. Backup listings may be hard copy or ASCII files on non-backup diskettes. A backup listing must provide the path name necessary to individually restore each file on the backup diskette. Compression utilities are acceptable as long as the utility is provided and does not violate any licensing or copyright laws. The delivery of documents by plaintiff to its lawyers does not relieve plaintiff from its obligations to produce such documents. For all responsive data produced in computer-usable form, specify the software used (including version and release date), the configuration of computer hardware, the operating system (including the name, version and release date), and any passwords or user-created files needed to examine the information on the diskettes.

11. To the extent required by agreement of the parties, production shall be timely supplemented whenever documents become available that are responsive to these requests but have been not previously produced. These Document Requests are a continuing demand for any and all responsive documents and things. Therefore, any such documents and things discovered by you after the date hereof shall be produced at the time they are discovered. This paragraph shall not be construed to alter your obligations to comply with all other instructions herein

12. Except as otherwise indicated, this document request relates to the period encompassing January 1, 1998 through the present ("Relevant Period"); and documents to be produced are all requested documents that either concern, or were created before, during, or after, the January 1, 1998 - present time.

## DOCUMENTS REQUESTED

1. All reports and current curriculum vitae of all experts whom you intend to use at trial, including all drafts of all reports.

2. All reports and current curriculum vitae of all experts whom you retained in anticipation of litigation but whom you do not intend to use at the time of trial, including all drafts of any such reports.

3. All documents, correspondence, memoranda, pleadings, discovery, statistics, records, reports, industry or government standards, treatises, textbooks, authorities, and any and all written or graphic material submitted to, relied upon or reviewed by any and all experts.

4. All documents which verify, dispute, quantify, compute, describe or in any way relate to the damages and present and future economic losses claimed by Plaintiffs in this case.

5. Any documents referring to and/or identifying the customer files and other trade secret, confidential and/or proprietary information Plaintiffs claims Defendants have taken and/or converted.

6. Any and all contracts and/or agreements between New England Life Insurance Company and Anthony Alfieri, Jeff Bonifacino, Laura Crean, Richard Hewitt, Robert Porter, Dick Rockwell, David Sauers, Stanley Szczerba, Marilou Szymanski, Kenneth Schlezes, and Aaron Turner.

7. Any and all contracts and/or agreements between New England Securities and Anthony Alfieri, Jeff Bonifacino, Laura Crean, Richard Hewitt, Robert Porter, Dick Rockwell, David Sauers, Stanley Szczerba, Marilou Szymanski, Kenneth Schlezes, and Aaron Turner.

8. Any and all documents referring or in any way relating to laptop and desktop computers and any other items alleged to be improperly taken by Defendants from Plaintiffs.

9. Any and all documents either referred to or which support the contentions in Plaintiffs' Rule 26(a)(1) Disclosures.

10. Any and all documents referring to the time, expense and effort put forth by Plaintiffs in training any of the Defendants as sales agents of New England Life Insurance Company as alleged in the complaint..

11. Any and all documents referring to the time, expense and effort put forth by Plaintiffs in training any of the Defendants as registered representatives of New England Securities as alleged in the complaint..

12. Any and all documents indicating that any of the Defendants prevented any agent from giving 30 day notice to New England upon his termination with the company.

13. Any and all documents indicating Defendants' allegedly knowingly and intentionally interfered with New England's contractual relationship with its affiliated agents, knowingly and intentionally induced and/or caused New England affiliate agents to breach their contracts and that Defendants' continue to do so.

14. Any and all documents indicating the Defendants or any individual allegedly at the Defendants' request did not give their 30 day notice of their termination of any New England.contracts.

15. Any and all documents in any way related to Plaintiffs' calculation of its alleged damages and present and future economic losses.

16. All Documents identified in Plaintiffs' Answers to Defendants' First Set of Interrogatories to Plaintiff.

17. All documents Plaintiffs contend support any of the contentions or allegations in the complaint and/or any other pleading submitted in these proceedings or related to this case.

18. All witness statements, declarations, deposition transcripts, affidavits, or other documents containing a record of testimony of any witnesses related to, referring to, or reflecting any of the facts or issues that are the subject of, relevant to, or related to this arbitration.

20. All documents Plaintiffs intend to use as exhibits and/or evidence at the trial of this matter.

21. All documents which in any way support or relate to Plaintiffs' allegations in the complaint that defendants breached their fiduciary duty of loyalty to the Plaintiffs.

22. All documents which in any way support or relate to Plaintiffs' allegations in the complaint that defendant Alfieri improperly solicited or induced the replacement, lapse, cancellation or failure to renew any policies, contracts or business of Plaintiffs in alleged violation of any contracts with plaintiffs.

23. All documents which in any way support or relate to Plaintiffs' allegations in the complaint that Defendant Bonafacino improperly solicited or induced the replacement, lapse, cancellation or failure to renew any policies, contracts or business of Plaintiffs in alleged violation of any contracts with Plaintiffs.

24. All documents which in any way support or relate to Plaintiffs' allegations in the complaint that Defendant Crean improperly solicited or induced the replacement, lapse, cancellation or failure to renew any policies, contracts or business of Plaintiffs in alleged violation of any contracts with Plaintiffs.

25. All documents which in any way support or relate to Plaintiffs' allegations in the complaint that Defendant Hewitt improperly solicited or induced the replacement, lapse,

cancellation or failure to renew any policies, contracts or business of Plaintiffs in alleged violation of any contracts with Plaintiffs.

26. All documents which in any way support or relate to Plaintiffs' allegations in the complaint that Defendant Porter improperly solicited or induced the replacement, lapse, cancellation or failure to renew any policies, contracts or business of Plaintiffs in alleged violation of any contracts with Plaintiffs.

27. All documents which in any way support or relate to Plaintiffs' allegations in the complaint that Defendant Rockwell improperly solicited or induced the replacement, lapse, cancellation or failure to renew any policies, contracts or business of Plaintiffs in alleged violation of any contracts with Plaintiffs.

28. All documents which in any way support or relate to Plaintiffs' allegations in the complaint that Defendant Sauers improperly solicited or induced the replacement, lapse, cancellation or failure to renew any policies, contracts or business of Plaintiffs in alleged violation of any contracts with Plaintiffs.

29. All documents which in any way support or relate to Plaintiffs' allegations in the complaint that Defendant Szczerba improperly solicited or induced the replacement, lapse, cancellation or failure to renew any policies, contracts or business of Plaintiffs in alleged violation of any contracts with Plaintiffs.

30. All documents which in any way support or relate to Plaintiffs' allegations in the complaint that defendant Symanski improperly solicited or induced the replacement, lapse, cancellation or failure to renew any policies, contracts or business of plaintiffs in alleged violation of any contracts with plaintiffs.

31. All documents which in any way support or relate to Plaintiffs' allegations in the complaint that Defendant Schleezes improperly solicited or induced the replacement, lapse, cancellation or failure to renew any policies, contracts or business of Plaintiffs in alleged violation of any contracts with Plaintiffs.

32. All documents which in any way support or relate to Plaintiffs' allegations in the complaint that Defendant Turner improperly solicited or induced the replacement, lapse, cancellation or failure to renew any policies, contracts or business of Plaintiffs in alleged violation of any contracts with Plaintiffs.

33. All documents which in any way support or relate to Plaintiffs' allegations in the complaint that Defendants improperly removed or kept original New England customer files and confidential and proprietary information.

34. Any and all documents that support or refute any facts or allegations stated in the complaint.

35. Any documents regarding the policy and efforts taken by the Plaintiffs to protect any alleged confidential, proprietary and/or trade secret information.

ANTHONY ALFIERI, JEFF BONIFACINO, LAURA CREAN, RICHARD HEWITT, ROBERT PORTER, DICK ROCKWELL, DAVID SAUERS, STANLEY SZCZERBA, MARILOU SZYMANSKI, KENNETH SCHLEZES, and AARON TURNER

By: _____ 4/4/06

Wayne A. Marvel, Esquire
Bar I.D. No. 1073
1300 North Broom Street
Wilmington, DE 19806
Tele: (302) 425-5177
Fax: (302) 425-0180

Daniel R. Formeller
Mark R. Vespole
Katherine L. Haennicke
Tressler, Soderstrom, Maloney & Priess
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6308
(312) 627-4000
Fax: (312) 627-1717

#372278