EXHIBIT "F"



**TRESSLER, SODERSTROM, MALONEY & PRIESS**
ATTORNEYS AT LAW

744 Broad Street
Suite 1510
Newark, NJ 07102
973/848-2900
Fax 973/623-0405
www.tsmp.com

Mark Robert Vespole
(973) 848-2909
mvespole@tsmp.com

April 14, 2006

**Via Federal Express**
Paul A. Bucco, Esq.
Davis, Bucco & Ardizzi, P.C.
10 E. 6th Ave.
Conshohocken, Pennsylvania 19428

Re:    New England Life v. Alfieri, et al.

Dear Mr. Bucco:

Enclosed please find the Defendants' First Set of Interrogatories propounded upon Plaintiffs pursuant to Rule 26 of the Federal Rules of Civil Procedure.

Please contact me if you have any questions.

Very truly yours,

*Mark R. Vespole*

MARK ROBERT VESPOLE

MRV:ljc
Enclosure
cc: Wayne A. Marvel, Esq. (w/encl.)
NEWARK-#18607-v1

---

CHICAGO, ILLINOIS          BOLINGBROOK, ILLINOIS          WHEATON, ILLINOIS

ORANGE COUNTY, CALIFORNIA     LOS ANGELES, CALIFORNIA          NEW YORK, NEW YORK

EXHIBIT "G"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NEW ENGLAND LIFE INSURANCE
COMPANY and NEW ENGLAND SECURITIES
CORPORATION,

Plaintiffs,

v.                                                                    C.A. No.  05 cv 415

ANTHONY ALFIERI, JEFF BONIFACINO,
LAURA CREAN, RICHARD HEWITT, ROBERT
PORTER, DICK ROCKWELL, DAVID SAUERS,
STANLEY SZCZERBA, MARILOU SZYMANSKI,
KENNETH SCHLEZES, and AARON TURNER,

Defendants.

## DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS

Defendants, Anthony Alfieri, Jeff Bonifacino, Laura Crean, Richard Hewitt, Robert

Porter, Dick Rockwell, David Sauers, Stanley Szczerba, Marilou Szymanski, Kenneth Schlezes

and Aaron Turner, (hereinafter collectively referred to as Defendants"), by and through their

attorneys, propound the following Interrogatories upon Plaintiffs pursuant to Rule 26 of the

Federal Rules of Civil Procedure:

## INSTRUCTIONS AND DEFINITIONS

1.      Please provide sworn answers to these Interrogatories in the manner provided by the

Federal Rules of Civil Procedure.  In responding to the interrogatories, you are to review and

search all relevant files of appropriate entities and persons

2.      If you object to any Interrogatory on the basis of a claim of privilege, answer the

Interrogatory with such non-privileged information as is responsive, identify the nature of the

information withheld as privileged, and specify the basis for the claim of privilege, including the source of the information, those privy to it, and the dates on which it was acquired.

3.      These Interrogatories are continuing in nature, and require supplemental answers if you obtain further information between the time you serve answers and the time of the hearing before the United States District Court for the District of Delaware. You shall serve supplemental answers promptly after receiving such further information.

4.      As used in these Interrogatories, plural references include singular and singular references include plural. The terms "and" and "or" shall be construed disjunctively or conjunctively to make the request inclusive rather than exclusive.

5.      As used in these Interrogatories, "person" means both individuals and entities.

6.      "New England," "your," or "you" means Plaintiffs New England Life Insurance Company, New England Securities Corporation, their predecessors, successors, subsidiaries, units, divisions, affiliates, joint ventures, parents, officers, directors, agents, employees and/or independent contractors (including without limitation, its attorneys, accountants, bankers, advisors, public relations firms, advertising firms, and marketing firms), and all persons acting or purporting to act on behalf of respondent.

7.      "Defendants" refers to Anthony Alfieri, Jeff Bonifacino, Laura Crean, Richard Hewitt, Robert Porter, Dick Rockwell, David Sauers, Stanley Szczerba, Marilou Szymanski, Kenneth Schlezes and Aaron Turner.

8.      "Identify" means:

a)      when used with reference to natural persons, to state the full name, employer, position, duties, and present or last known business address (including the position with which he or she was affiliated during the time period covered by the Interrogatory);

2

b)    when used with reference to an organization, proprietorship, firm, corporation, association, or governmental agency or office, to state its name, legal status, the address and telephone number of its principal place of business, and the name title, and telephone number of the officer, employee, or agent most knowledgeable concerning the subject matter of the Interrogatory; and

c)    when used with reference to a document, to state the author, date, signor(s), addressee(s), and recipients(s) of the document, as well as its present or last known location and custodian.

9.    "Communicate" or "communication" means and includes every manner or means of transfer, exchange, or disclosure of information, fact, idea, or inquiry, whether orally, by document, or electronically, and whether face-to-face, by telephone, mail, email, telecopier, personal delivery, or otherwise.

10.    "Documents" includes all written material or other tangible medium of reproduction of every kind or description, however produced or reproduced, including, without limitation, correspondence, memoranda, notes, recordings, letters, charges, graphs, charts, accountings, balance sheets, profit and loss statements, summaries, records of oral conversations, diaries, calendars, logs, analyses, projections, work papers, tape recordings, films, video tapes, plans, minutes or records of meetings, minutes or records of conferences, lists of persons attending meetings or conferences, reports and/or summaries of investigations, opinions or reports of consultants, evaluations, records, contracts, agreements, preliminary drafts, and includes e-mails, computer reports, programs, discs and communications, however denominated by whomever prepared, to whomever addressed, and any other writing, graphic representation or memorialization that are in possession of the respondent as defined herein. Further, "documents"

3

includes any copies of documents that are not identical duplicates or originals, including, but not limited to, all drafts of whatever date and copies with typed or handwritten notations. "Documents" also includes any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer application software or forensics software); any "deleted" but recoverable electronic files on such media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from Random Access Memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data). "Documents" also includes each and every file folder or other material in which the above items are stored, filed, or maintained, including computer or other electronic storage.

11.     Plaintiffs means New England Life Insurance Company and New England Securities Corporation.

12.     Defendants incorporate here by reference all definitions and instructions set forth in Defendants' First Request for Production of Documents to Plaintiff New England.

13.     The term "acquisition" for purposes of these interrogatories shall also mean transaction and/or merger.

14.     Except as otherwise indicated, these interrogatories relate to the period encompassing January 1, 1998 through the present ("Relevant Period").

## INTERROGATORIES

### INTERROGATORY NO. 1

State the name, address, telephone number and relationship to you of each person who provided information for, prepared or assisted in the preparation of the responses to these interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

**Response**

### INTERROGATORY NO. 2

State the names and current addresses of all persons who have knowledge of any relevant facts relating to this case and the substance of what each such person knows.

**Response**

### INTERROGATORY NO. 3

Set forth the name and address of all proposed expert witnesses whom you expect to call at trial; and as to each, as well as all experts you retained in anticipation of litigation or preparation for trial whom you do not expect to testify as a witness at trial, specify the date he was consulted; and

(a)    State the subject matter on which the expert is expected to testify.

(b)    State the substance of the facts and opinions to which the expert is expected to testify.

(c)    State a summary of the grounds for each opinion.

(d)    State the substance of all materials examined by him, and copies of all facts submitted for his consideration.

(e)    Attach true and exact copies of the entire report or reports rendered by him.

(f)    Set forth, completely, the substance of all oral reports.

(g)    State his job title or position.

(h)    State his education background.

(i)    State his work history and experience.

(j)    Set forth his memberships in professional and/or trade organizations.

(k)    State the name of his employer.

(l)    State the texts which were relied on in forming his opinion, and which will be relied on at trial.

(m)    State each and every standard relied upon in forming his opinion and which will be relied upon at trial.  Please annex copies of any written standard and state the substance of any oral or written standards and give the source of each.

**Response**

**INTERROGATORY NO. 4**

During the Relevant Period, have you lost, discarded, or destroyed any documents related to the cause of action at hand?  If so, identify them and state as completely as possible including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, person who disposed of the document, whether you kept any copies via electronic storage or other means, which electronic files have been deleted from your magnetic or optical storage media or overwritten during the Relevant Period, and dates of deletion or overwriting.

**Response**

**<u>INTERROGATORY NO. 5</u>**

Identify all propriety information that allegedly belongs to Plaintiffs and was allegedly taken by Defendants and/or Anthony Alfieri, Jeff Bonifacino, Laura Crean, Richard Hewitt, Robert Porter, Dick Rockwell, David Sauers, Stanley Szczerba, Marilou Szymanski, Kenneth Schlezes and Aaron Turner.

**Response**

**<u>INTERROGATORY NO. 6</u>**

Describe and itemize the nature and extent of any and all past, present and future damages or economic losses claimed by plaintiffs in their complaint, and identify the total amount of damages sustained separately by New England Life Insurance Company and New England Securities and allegedly incurred as a result of each and every claim in the Complaint, and provide the formula used to compute and calculate each separate claim for or item of damages and economic loss.

**Response**

**<u>INTERROGATORY NO. 7</u>**

Have you or anyone acting on your behalf interviewed or obtained a written, recorded or oral statement from any individual concerning the facts alleged in the Complaint? If so, for each individual state the name, address and telephone number of the individual interviewed, the date of the interview, the name, address, and telephone number of the person who conducted the interview, and provide a copy of the statement or a summary of any oral statement.

**Response**

**INTERROGATORY NO. 8**

Was there a breach of any agreement alleged in the pleadings? If so, for each breach, identify all provisions or language of any agreements for which you claim a breach, and describe and give the date of every act or omission that you claim is the breach of the agreement by each of the defendants.

**Response**

**INTERROGATORY NO. 9**

Name each and every policyholder who was allegedly contacted by any of the Defendants subsequent to their termination. State whether the communication occurred in person, over the telephone or via some other means, who participated in the communication, when the communication occurred, and the substance of the communication.

**Response**

**INTERROGATORY NO. 10**

State all facts and provide all documents to support your allegation that Defendants solicited, induced and/or recruited others to terminate their relationships with Plaintiffs without notice.

**Response**

**INTERROGATORY NO. 11**

State all facts and provide all documents to support the allegations of the complaint that client files, documents, files and other confidential information were allegedly taken and/or converted by the Defendants, and identify all such client files and the name of the Defendant who took or converted them.

**Response**

**INTERROGATORY NO. 12**

State all facts and provide all documents to support the allegations of the complaint that laptops and/or desktop computers were taken by the Defendants and identify all such computers allegedly taken and each Defendant who did so.

**Response**

**INTERROGATORY NO. 13**

State all confidential and proprietary information, and/or trade secret which you claim the Defendants have taken and misused.  State all incidents of misuse, how the information was misused, when the information was misused and whether such misuse continues going forward.

**Response**

**INTERROGATORY NO. 14**

Please state and describe in full and complete detail the conduct of each separate Defendant which you allege constitutes a breach of his or her fiduciary duty and duty of loyalty to Plaintiffs, including the date of all such conduct, and provide all facts and documents which support your allegations.

**Response**

**INTERROGATORY NO. 15**

Please provide all facts and related documents which either support or refute the allegations of the Complaint that the Defendants improperly induced, solicited or encouraged any of Plaintiffs' policyholders or contract holders to lapse, cancel, replace or fail to renew any of Plaintiffs' policies or contracts, including a list of all such policyholders and contract holders pertaining to each separate Defendant, the policy or contract number for all policies or

contracts, the specific type of policy or contract, the amount of all premiums for which

Plaintiffs are claiming damages as to each policyholder or contractholder, and the date

Plaintiffs' contracts or policies were lapsed, replaced, cancelled or not renewed.

**Response**

ANTHONY ALFIERI, JEFF
BONIFACINO, LAURA CREAN,
RICHARD HEWITT, ROBERT PORTER,
DICK ROCKWELL, DAVID SAUERS,
STANLEY SZCZERBA, MARILOU
SZYMANSKI, KENNETH SCHLEZES,
and AARON TURNER

Dated: 7-14-06

By: _Mark R. Vespole_
One of Their Attorneys

Wayne A. Marvel, Esquire
Bar I.D. No. 1073
1300 North Broom Street
Wilmington, DE 19806
Tele: (302) 425-5177
Fax: (302) 425-0180

Daniel R. Formeller
Mark R. Vespole
Katherine L. Haennicke
Tressler, Soderstrom, Maloney & Priess
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6308
(312) 627-4000
Fax: (312) 627-1717

NEWARK-#18606-v1

10

EXHIBIT "H"



**TRESSLER, SODERSTROM, MALONEY & PRIESS**
ATTORNEYS AT LAW

744 Broad Street
Suite 1510
Newark, NJ 07102
973/848-2900
Fax 973/623-0405
www.tsmp.com

Mark Robert Vespole
(973) 848-2909
mvespole@tsmp.com

May 25, 2006

**VIA EMAIL & REGULAR MAIL**
Paul A. Bucco, Esq.
Davis, Bucco & Ardizzi, P.C.
10 E. 6th Ave.
Conshohocken, Pennsylvania 19428

      Re:   New England Life v. Alfieri, et al.

Dear Mr. Bucco:

      Enclosed are the defendants' Rule 26 disclosures.  At this time, I must request that plaintiffs provide supplemental Rule 26 disclosures which identify "the subjects of the information" about which the 28 listed witnesses and any additional witnesses will testify, as specifically required by Rule 26(a)(1)(A).

      Additionally, defendants' request for production of documents and 30(b)(6) deposition notice were served on April 4, 2006 and defendants' interrogatories on April 14, 2006, without any response whatsoever from plaintiffs. F. R. C. P. 33(b)(3) requires that answers to interrogatories be provided within 30 days, and F. R. C. P. 34(b) requires responses to a request for production of documents within 30 days as well.  Plaintiffs' answers to defendants' interrogatories and responses to defendants' request for production of documents are now both several weeks overdue.  Please advise as soon as possible when we can expect to receive the interrogatory answers and documents.  Also, please advise as soon as possible when you will respond to our 30(b)(6) deposition notice by designating the identities of the persons who will testify with regard to the listed categories and providing dates between June 26 and July 14 when those persons will be available to be deposed.

      Thank you for your prompt attention to this matter.

            Very truly yours,

            MARK ROBERT VESPOLE

MRV:ljc
Enclosures
NEWARK-#19205-v1

---

CHICAGO, ILLINOIS       BOLINGBROOK, ILLINOIS       WHEATON, ILLINOIS

ORANGE COUNTY, CALIFORNIA       LOS ANGELES, CALIFORNIA       NEW YORK, NEW YORK

EXHIBIT "I"



TRESSLER, SODERSTROM, MALONEY & PRIESS
ATTORNEYS AT LAW

744 Broad Street
Suite 1510
Newark, NJ 07102
973/848-2900
Fax 973/623-0405
www.tsmp.com

Mark Robert Vespole
(973) 848-2909
mvespole@tsmp.com

June 14, 2006

**VIA E-MAIL & REGULAR MAIL**
Paul A. Bucco, Esq.
Davis, Bucco & Ardizzi, P.C.
10 E. 6th Ave.
Conshohocken, Pennsylvania 19428

Re:    New England Life v. Alfieri, et al.

Dear Mr. Bucco:

I am enclosing a copy of my May 25, 2006 letter to which, despite the passage of just about three weeks, you have not yet responded. May I please hear from you as soon as possible regarding the status of plaintiffs' responses to the multiple discovery requests referenced in my earlier letter.

Very truly yours,

MARK ROBERT VESPOLE

MRV:ljc
Enclosures
cc: Wayne Marvel, Esq. (w/encl.) (via Telefax)
NEWARK-#19581-v1

EXHIBIT "J"

Metlife/Rockwell

## Mark R. Vespole

| | |
|---|---|
| **From:** | Mark R. Vespole |
| **Sent:** | Friday, August 11, 2006 12:19 PM |
| **To:** | 'Aquil K. Starks' |
| **Cc:** | 'Paul Bucco' |
| **Subject:** | RE: Metlife/Rockwell |

Mr. Starks:

Please let me know what is going on with this at once. I am leaving for vacation today through 8/20/06 and would like to know if I am coming to your office on 8/21, as well as receive answers to all of the questions raised below. Thanks.

Mark Vespole

-----Original Message-----
**From:** Mark R. Vespole
**Sent:** Thursday, July 27, 2006 12:04 PM
**To:** 'Aquil K. Starks'
**Cc:** Paul Bucco
**Subject:** RE: Metlife/Rockwell

Mr. Starks:

I am available to come to your office to review documents on Monday, August 21, 2006 @ 9:30AM. As I have previously advised several times in writing to Mr. Bucco, however, I am entitled to a written reponse to our Request for Production of Documents, so that I will have some idea of the items to which the documents you are producing relate. Right now, I am available on several dates during the week of August 28 to take the depositions of the represenatatives of the plaintiffs, which you have failed to identify now for several months despite my numerous requests. I am in the process of obtaining dates for the depositions of the defendants in September, although as of this date, I am expecting to start a trial some time in September in the US District Court in Rhode Island before Judge Mary Lisi. Judge Lisi is expected to set a date within the next few weeks. Consequently, I will initially seek dates during the weeks of 9/4 and 9/1, subject to the scheduling of the trial in Rhode Island. Finally, despite my several written requests and reminders going back several months now, I have never received a response regarding the deficiencies in plaintiffs Rule 26 disclosures. Consequently, I would welcome the opportunity to resolve these long outstanding matters regarding plaintiffs Rule 26 disclosures, 30b6 designations and response to our document request with Judge Farnan as soon as possible. I will be out-of-town on business next week, on vacation from 8/7 to 8/19, and in Rhode Island taking depostions from 8/22-8/25.

Mark Vespole

Mark Robert Vespole
Certified Civil Trial Attorney
Tressler Soderstrom Maloney & Priess, LLP
744 Broad St.
Suite 1510
Newark, New Jersey 07102
973-848-2909
201-407-4600 (cell)
973-623-0405 (fax)

10/26/2006

mvespole@tsmp.com

-----Original Message-----
**From:** Aquil K. Starks [mailto:Aquil.Starks@davisbucco.com]
**Sent:** Tuesday, July 25, 2006 12:26 PM
**To:** Mark R. Vespole
**Cc:** Paul Bucco
**Subject:** FW: Metlife/Rockwell

Dear Mr. Vespole:

I have not received a response from you in regards to my correspondence of July 11, 2006. I have been instructed to notify you that Plaintiff's Responses to Defendants Interrogatories will be submitted to your office via regular mail either this afternoon or tomorrow morning. I have also been instructed to remind you that all of Plaintiff's discovery documents are available for inspection at our offices per your request.

Also, as previously stated on July 11th, Paul Bucco would like to depose all of the defendants in this matter. As of this date you have not provided us with dates of availability for the defendants. Please be advised that if we do not receive a response from you by July 26, 2006, we will have no other alternative but to contact the Judge in order to resolve this matter.

Thank you for your attention to the foregoing. I look forward to your response.

Sincerely,


Aquil K. Starks,
Paralegal for Paul A. Bucco, Esquire


Aquil K. Starks, Paralegal
Davis, Bucco & Ardizzi
10 East Sixth Avenue, Suite 100
Conshohocken, PA 19428
(610)238-0880

-----Original Message-----
**From:** Aquil K. Starks
**Sent:** Tuesday, July 11, 2006 4:57 PM
**To:** 'Mark R. Vespole'
**Cc:** Paul Bucco
**Subject:** RE: Metlife/Rockwell

Dear Mr. Vespole:

As I mentioned before, the documents are available at our office for your review. Please advise me of the date in which you would like to come to our office, and I will make sure that one of our conference rooms will be available. I have been informed by Mr. Bucco, that our responses to Defendant's Interrogatories will be available sometime early nextweek.

Also, in reference to your correspondence of May 25, 2006, I have been instructed to obtain your dates of availablity. Once the dates of availability have been mutually established, your office can make the arrangements for the depositions.

In addition, our office would like to depose all of the defendants in this matter. We kindly request that

10/26/2006

Metlife/Rockwell

you provide dates of their availability in order for us to initiate the scheduling of the depositions for all of the defendants.

Thank you for your attention to the foregoing. I look forward to your response.

Very truly yours,


Aquil K. Starks, Paralegal
Davis, Bucco & Ardizzi
10 East Sixth Avenue, Suite 100
Conshohocken, PA 19428
(610)238-0880

-----Original Message-----
**From:** Mark R. Vespole [mailto:mvespole@tsmp.com]
**Sent:** Monday, July 03, 2006 1:07 PM
**To:** Aquil K. Starks
**Cc:** Paul Bucco; wam@maronmarvel.com
**Subject:** RE: Metlife/Rockwell

Mr. Starks:

I would like to review the documents at your office as soon as possible before making a decision about what copies need to be made. It would probably be helpful to have plaintiffs' written reponses to the document request when I review the documents. Do you know when the responses will be available? Also, in addition to the interrogatories and documents, my May 25, 2006 letter inquired about our long outstanding deposition notice to plaintiffs as well as plaintiffs' deficient Rule 26 disclosures. These issues must be also be addressed at once, or else we will have no choice but to seek the Court's intervention. I look forward to your prompt response. Thanks.

Mark Vespole

-----Original Message-----
**From:** Aquil K. Starks [mailto:Aquil.Starks@davisbucco.com]
**Sent:** Wednesday, June 28, 2006 10:22 AM
**To:** Mark R. Vespole
**Subject:** Metlife/Rockwell


Dear Mr. Vespole:

I have been instructed by Paul A. Bucco, Esquire to inform you that the discovery documents you previously requested are available for review. If you would like for us to have these documents copied for you, please submit a letter agreeing to pay for the costs of the copying of these documents. In addition, we are also in the process of preparing our responses to your request for production of documents, and interrogatories.

Thank you for your attention to the foregoing.


Very truly yours,

Metlife/Rockwell

Aquil K. Starks, Paralegal
Davis, Bucco & Ardizzi
10 East Sixth Avenue, Suite 100
Conshohocken, PA 19428
(610)238-0880