IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NEW ENGLAND LIFE INSURANCE COMPANY and NEW ENGLAND SECURITIES CORPORATION, | : : : : | |
| Plaintiffs, | : : | Civil Action No.:  05-CV-415 |
| v. | : : | |
| ANTHONY ALFIERI, JEFF BONIFACINO, LAURA CREAN, RICHARD HEWITT, ROBERT PORTER, DICK ROCKWELL, DAVID SAUERS, STANLEY SZCZERBA, MARILOU SZYMANSKI, KENNETH SCHLEISES, and AARON TURNER, | : : : : : | |
| Defendants. | : | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO DISMISS FOR FAILURE OF PLAINTIFFS
TO PROVIDE DISCOVERY AND RULE 26 DISCLOSURES**

Plaintiffs, New England Life Insurance Company and New England Securities Corporation, hereby responds to the Motion to Dismiss field by Defendants as follows:

1. Defendants have moved this Court for an order dismissing the Complaint pursuant to F.R.C.P. 37 (b)(2)(c) and 37(d) because it has not received the following:

   (a) More complete answers to Plaintiff's Rule 26 Disclosures; specifically, the subjects of the information possessed by the persons identified as having discoverable information;

   (b) Written answers to the paragraphs contained in Defendants' First Set of Document Requests;

   (c) Depositions in response to Defendants 30(b)(6) Notice of Deposition.

   (d) Written answers to Defendants' Interrogatories;

2. Plaintiffs respectfully submit that dismissal is not an appropriate sanction in this matter because there is not "a record of delay or contumacious conduct" by the Plaintiffs as

discussed in <u>Donnelley v. John Mansville</u>, 677 F.2d 339, 342 (3d Cir 1982) (cited in <u>Miller-Bey v. ILA</u>, 2006 WL 2598050 (D. Del. 2006) (Farnan, J.). Unlike prior cases, such as <u>Miller-Bey</u>, where dismissal was deemed to be an appropriate sanction, the Plaintiffs in this case have not willfully refused to engage in discovery.

3.   Until last week, this case was scheduled for mediation with Judge Thynge when an Order was issued canceling the mediation session. Plaintiffs were operating under the belief that the discovery issues were being placed to the side while the case went through the mediation process. The Defendants apparently did as well because this motion was filed the day after the mediation was cancelled.

4.   The parties have been working together to conduct discovery. Documents have been produced from both sides, a number of depositions have been taken and there have been several attempts to schedule depositions by both the Plaintiffs and the Defendants.

**The Answer to the Document Request.**

5.   The Plaintiffs have produced all of their files that are relevant to this litigation in response to the Defendants' First Documents Request. The Defendants do not take issue with that fact but have insisted on a written response to each individual paragraph of the Request. Plaintiffs have complied with both the spirit and the language of F.R.C.P. 34(b)(i) by producing their documents as they were kept in the usual course of business. A paragraph-by-paragraph answer to the Request would merely entail a repetitive recitation that all of the responsive documents in Plaintiffs' possession have already been produced.

6.   Nevertheless, the answer requested by the Defendants is attached hereto as Exhibit "A" and incorporated by reference.

**The Rule 26 Initial Disclosures**

7. The Defendants do not contend that the Plaintiffs failed to produce and serve their Rule 26 Initial Disclosures. Rather, they take issue with the fact that the Disclosures did not contain the "subjects of the information" possessed by the persons identified in the document as those having discoverable information.

8. The Rule 16 Scheduling Order issued by the Court (Exhibit "A" to Defendants' Declaration in Support of the Motion) stated that the Plaintiffs had provided the information required by Rule 26(a)(1). The Defendants did not raise an objection to the Order.

9. Although there are 28 people listed in the Disclosures as having discoverable information, the first 11 are the Defendants, themselves, who presumably are aware of the information they possess. Fourteen of the remaining seventeen people are clients and former clients of the Plaintiffs, who are known by the Defendants as such. The remaining three are Joseph Nascelli, Richard Marooney and Dominic Nappi, who are identified as being affiliated with Creative Financial Group, the entity that serviced the New England accounts after the Defendants' association with the Plaintiffs came to an end, a fact also known by the Defendants.

10. Moreover, Plaintiffs believe that one or more of the clients listed in the Disclosures had already been deposed in this litigation before the Defendants raised their objection regarding the content of the Disclosures on May 25, 2006, The Defendants raised this issue at the same time they produced their own Disclosures, which incidentally was after the deadline established by the Rule 16 Scheduling Order.

11. Nevertheless, Plaintiffs have attached hereto as Exhibit "B", a revised Rule 26 Initial Disclosure stating the subjects of information possessed by each person named.

**The 30(b)(6) Notice of Deposition**

8. Plaintiffs have not refused to produce witnesses in response to the Defendants 30(b)(6) Notice of Deposition. As counsel for the Defendants notes in his Declaration in support of the Motion, there have been numerous conversations among counsel and their respective staffs regarding the scheduling of depositions. The Defendants were attempting to schedule the depositions of representatives of the Plaintiffs and the Plaintiffs were attempting to schedule those of the Defendants. The depositions did not take place because of scheduling issues, not because the Plaintiffs refused to produce their witnesses.

9. Now that the mediation has been postponed, Plaintiffs will make their designated representatives, Richard Marooney and Dominic Nappi, available to be deposed by the Plaintiffs.

**Answers to Interrogatories**

10. The Answers to Interrogatories have not been produced but they are being finalized and will be produced within a week.

11. Defendants do not claim they have been prejudiced in this litigation in any way by the "missing" discovery, nor could they as this case is not listed for mediation or trial.

WHEREFORE, Plaintiffs respectfully request this honorable Court to deny the Defendants' Motion to Dismiss.

                                    DAVIS, BUCCO & ARDIZZI

                                    BY:    /s/ Robert D. Ardizzi
                                           901 N. Market Street, Suite 700
                                           Wilmington, DE 19801
                                           (302) 345-9808

Date: January 31, 2007