IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NEW ENGLAND LIFE INSURANCE COMPANY and NEW ENGLAND SECURITIES CORPORATION, | : : : | |
| Plaintiffs, | : | CIVIL ACTION NO.: |
| | : | **05-cv-415** |
| v. | : | |
| | : | |
| ANTHONY ALFIERI, JEFF BONIFACINO, LAURA CREAN, RICHARD HEWITT, ROBERT PORTER, DICK ROCKWELL, DAVID SAUERS, STANLEY SZCZERBA, MARILOU SZYMANSKI, KENNETH SCHLEISES, and AARON TURNER, | : : | |
| Defendants. | | |

**PLAINTIFFS' ANSWERS TO DEFENDANT'S DOCUMENTS REQUEST**

Plaintiffs state their response to this Document Request:

1. Any objection as to competency, relevancy, materiality and admissibility as evidence, for any purpose in any subsequent proceeding(s) or the trial of this action, of any of the answers to the subject matter thereof;

2. The right to object to the use of any said answers, or the subject matter thereof, in any subsequent proceeding(s) or at the trial of this action, on any ground;

3. The right to object on any ground at any time or a demand for further response to these or any other Request for Production of Documents, Interrogatories or any other discovery procedures involving or relating to this action.

4. The right to supplement these responses or provide information in response to these interrogatories at any time up to and including the time of trial.

## **GENERAL OBJECTIONS**

The following objections form part of Plaintiffs' response to each discovery request. They are set forth here to avoid the unnecessary repetition of restating them for each individual response. For purposes of clarity, the objections may be specifically referred to by number in response to certain discovery requests. Failure to specifically incorporate an objection, however, shall not be construed as a waiver of it with respect to any discovery request.

1. Plaintiffs object to this Request because some of the individual requests are overbroad and burdensome.

2. Plaintiffs object to the Document Requests because they request information which is protected by the attorney-client privilege, the attorney work product doctrine and other rules and privileges provided by law.

3. Plaintiffs object to the Document requests because they seek information and/or documents, which are not within Plaintiffs' possession, custody or control and are, therefore, unduly burdensome, oppressive, harassing and vexatious and go beyond the limits permitted by the Federal Rules of Civil Procedure.

4. Plaintiffs object to each discovery request to the extent that they seek information that is neither relevant to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence.

5. Plaintiffs object to each discovery request to the extent that they seek disclosure of opinions, mental impressions, conclusions or legal theories of Plaintiffs and/or theirs counsel and other representatives.

6. Plaintiffs object to each discovery request to the extent that they call for information within Plaintiffs' knowledge or to which Defendants have equal or superior access,

on the grounds that such discovery requests are unduly burdensome, oppressive, harassing and vexatious and go beyond any legitimate need of Defendants or discovery.

7. Plaintiffs object to each and every discovery request to the extent that they are vague, ambiguous and confusing, rendering them incapable of being answered.

8. Plaintiffs object to each and every discovery request to the extent they seek the basis of Plaintiffs' contentions on the grounds that they are unduly burdensome and oppressive, harassing, abusive, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs' contentions are adequately described in its various pleadings, motions and other court filings, and contention interrogatories are otherwise premature at this time.

## ANSWERS TO DOCUMENT REQUESTS

1. Plaintiffs have not retained any expert witnesses at this time and will supplement this response if such expert witnesses are retained.

2. Plaintiffs have not retained any expert witnesses at this time and will supplement this response if such expert witnesses are retained.

3. Plaintiffs have not retained any expert witnesses at this time and will supplement this response if such expert witnesses are retained.

4. None at this time. Plaintiff has not yet computed its damages in this matter and will supplement this answer when it has done so.

5. All documents in the Plaintiffs' possession that are responsive to this request have previously been produced to the Defendants for inspection and copying.

6. All documents in the Plaintiffs' possession that are responsive to this request have previously been produced to the Defendants for inspection and copying.

7. All documents in the Plaintiffs' possession that are responsive to this request have previously been produced to the Defendants for inspection and copying.

8. All documents in the Plaintiffs' possession that are responsive to this request have previously been produced to the Defendants for inspection and copying.

9. All documents in the Plaintiffs' possession that are responsive to this request have previously been produced to the Defendants for inspection and copying.

10. All documents in the Plaintiffs' possession that are responsive to this request have previously been produced to the Defendants for inspection and copying.

11. All documents in the Plaintiffs' possession that are responsive to this request have previously been produced to the Defendants for inspection and copying.

12. All documents in the Plaintiffs' possession that are responsive to this request have previously been produced to the Defendants for inspection and copying.

13. All documents in the Plaintiffs' possession that are responsive to this request have previously been produced to the Defendants for inspection and copying.

14. All documents in the Plaintiffs' possession that are responsive to this request have previously been produced to the Defendants for inspection and copying.

15. See answer to No. 4 above.

16. None at this time. However, any responsive documents were produced with the documents that have already been produced to the Defendants.

17. All documents in the Plaintiffs' possession that are responsive to this request have previously been produced to the Defendants for inspection and copying.

18. All documents in the Plaintiffs' possession that are responsive to this request have previously been produced to the Defendants for inspection and copying.

19. [Missing from Defendants' document].

20. Plaintiffs have not yet identified their exhibits.

21. All documents in the Plaintiffs' possession that are responsive to this request have previously been produced to the Defendants for inspection and copying.

22. All documents in the Plaintiffs' possession that are responsive to this request have previously been produced to the Defendants for inspection and copying.

23. All documents in the Plaintiffs' possession that are responsive to this request have previously been produced to the Defendants for inspection and copying.

24. All documents in the Plaintiffs' possession that are responsive to this request have previously been produced to the Defendants for inspection and copying.

25. All documents in the Plaintiffs' possession that are responsive to this request have previously been produced to the Defendants for inspection and copying.

26. All documents in the Plaintiffs' possession that are responsive to this request have previously been produced to the Defendants for inspection and copying.

27. All documents in the Plaintiffs' possession that are responsive to this request have previously been produced to the Defendants for inspection and copying.

28. All documents in the Plaintiffs' possession that are responsive to this request have previously been produced to the Defendants for inspection and copying.

29. All documents in the Plaintiffs' possession that are responsive to this request have previously been produced to the Defendants for inspection and copying.

30. All documents in the Plaintiffs' possession that are responsive to this request have previously been produced to the Defendants for inspection and copying.

31. All documents in the Plaintiffs' possession that are responsive to this request have previously been produced to the Defendants for inspection and copying.

32. All documents in the Plaintiffs' possession that are responsive to this request have previously been produced to the Defendants for inspection and copying.

33. All documents in the Plaintiffs' possession that are responsive to this request have previously been produced to the Defendants for inspection and copying.

34. All documents in the Plaintiffs' possession that are responsive to this request have previously been produced to the Defendants for inspection and copying.

35. All documents in the Plaintiffs' possession that are responsive to this request have previously been produced to the Defendants for inspection and copying.

               DAVIS, BUCCO & ARDIZZI

               BY: /s/ Robert D. Ardizzi
                  901 N. Market Street, Suite 700
                  Wilmington, DE 19801
                  (302) 345-9808

Date: January 31, 2007

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| NEW ENGLAND LIFE INSURANCE COMPANY and NEW ENGLAND SECURITIES CORPORATION, | : : : | |
| Plaintiffs, | : | **Civil Action No.: 05-CV-415** |
| v. | : | |
| ANTHONY ALFIERI, et al.<br>Defendants. | : | |

    I hereby certify that Plaintiffs' Answers to Defendants' Document Requests was served upon counsel for Defendants via first class mail, postage prepaid, at the following address and on the following date:

        Mark R. Vespoli, Esquire
        Tressler, Soderstrom, Maloney & Priess
        744 Broad Street, Ste. 1510
        Newark, NJ 07102

                              DAVIS, BUCCO & ARDIZZI

                    BY:   /s/ Robert D. Ardizzi
                            901 N. Market Street, Suite 700
                            Wilmington, DE 19801
                            (302) 345-9808

Date: January 31, 2007